**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SKATTEFORVALTNINGEN,

                         Plaintiff,

                vs.

BASALT VENTURES LLC ROTH 401(K)
PLAN & JOHN VAN MERKENSTEIJN,

                         Defendants.

MASTER DOCKET

18-md-02865-LAK

**ANSWER TO COMPLAINT**
**AND COUNTERCLAIMS**

**JURY TRIAL DEMANDED**

This document relates to:
Case No. 1:19-CV-01866-LAK

---

      Defendants, Basalt Ventures LLC Roth 401(K) Plan ("Basalt") and John van Merkensteijn (collectively, "Defendants"), by and through their undersigned attorneys, hereby answer and assert affirmative defenses, other defenses, and counterclaims as follows to the Complaint (ECF No. 1, February 27, 2019) of Skatteforvaltningen ("SKAT").  Except as hereinafter expressly admitted, qualified, or otherwise answered, Defendants deny each and every allegation and assertion set forth in the Complaint.  The paragraphs that follow align with the numbered paragraphs in the Complaint, and the counterclaims are asserted thereafter.

      1.      Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 1.

      2.      Defendants deny the allegations in Paragraph 2, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

3.      Defendants deny the allegations in Paragraph 3, except refer to the double taxation treaties between Denmark and other countries for a complete and accurate account of their contents and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

4.      Defendants deny submitting any fraudulent applications to SKAT and otherwise deny the remaining allegations in Paragraph 4, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

5.      Defendants deny participating in any fraudulent scheme and otherwise deny the allegations in Paragraph 5, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

6.      Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 6.

7.      Defendants deny making any false claims and deny the allegations in the first sentence of Paragraph 7, but otherwise deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 7.

8.      Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 8.

9.      Defendants deny any knowledge of or participation in a fraud and deny the allegations in Paragraph 9, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

10.      Defendants deny the allegations in Paragraph 10.

11.     Defendants deny any knowledge of or participation in a fraud and deny the allegations in Paragraph 11, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

12.     Defendants deny any knowledge of or participation in a fraud and otherwise deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13.

14.     Paragraph 14 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15.     Paragraph 15 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 15.

16.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 16.

17.     Defendants deny any allegation that Basalt was not a bona fide pension plan under United States law.  Defendants otherwise admit the allegations in Paragraph 17.

18.     Defendants admit the allegations in the first sentence of Paragraph 18.  The remainder of Paragraph 18 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 18.

19.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 19.

20.     Paragraph 20 states legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the Danish Withholding Tax Act for a complete and accurate account of its contents.

21.     Paragraph 21 states legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the double taxation treaties between Denmark and other countries for a complete and accurate account of their contents.

22.     Paragraph 22 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 22, except refer to the Convention and Protocol between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income for a complete and accurate account of its contents.

23.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 23.

24.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 24.

25.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 25.

26.     Defendants deny that they submitted any fraudulent claims and deny the allegations in Paragraph 26, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

27.     Defendants admit that Basalt received payments with respect to its refund claims from Goal.  Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of all other allegations of Paragraph 27.

28.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28, except refer to the documents referenced in Paragraph 28 for a complete and accurate account of their contents.

29.     Defendants deny submitting any fraudulent claims and deny the allegations in Paragraph 29, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

30.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 30.

31.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 31.

32.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 32.

33.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 33, except admit that Basalt made withholding tax refund claims through Goal.

34.     Defendants deny submitting any fraudulent claims and deny the allegations in Paragraph 34, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

35.     Defendants deny submitting any fraudulent claims and deny the allegations in Paragraph 35, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

36.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 36, except admit that Basalt made withholding tax refund claims through Goal.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants deny submitting any false refund claims and deny the allegations in Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

40.     Defendants deny the allegations in Paragraph 40, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

41.     Defendants deny the allegations in Paragraph 41, except refer to the power of attorney form referenced in Paragraph 41 for a complete and accurate account of its contents and deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

42.     Defendants deny the allegations in Paragraph 42, except refer to the power of attorney form referenced in Paragraph 42 for a complete and accurate account of its contents.

43.     Defendants deny submitting any fraudulent refund claims and deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 43, except refer to the power of attorney form referenced in paragraph 43 for a complete and accurate accounts of its contents.

44.     Defendants deny submitting any fraudulent refund claims and deny the allegations in Paragraph 44, except admit that van Merkensteijn served as a director of a financial services firm based at 40 West 57th Street, New York, NY, and deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

45.     Defendants deny the allegations in Paragraph 45, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

46.     Defendants deny the allegations in Paragraph 46, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

47.     Defendants deny the allegations in Paragraph 47, except refer to the power of attorney form referenced in Paragraph 47 for a complete and accurate accounts of its contents and deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

48.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 48.

49.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 49.

50.     Defendants deny participating in any fraud and deny the allegations in Paragraph 50, except deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

51.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 51.

52.     Defendants deny knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 52, except refer to the dividend credit advice referenced in Paragraph 52 for a complete and accurate account of its contents.

53.     Defendants deny the allegations in Paragraph 53.

## COUNT I

54.     To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 53, above, as if fully set forth herein.

55.     Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56.     Paragraph 56 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 56.

57.     Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57.

58.     Paragraph 58 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58.

## COUNT II

59.     To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 58, above, as if fully set forth herein.

60.     Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60.

61.     Paragraph 61 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61.

62.     Paragraph 62 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 62.

63.     Paragraph 63 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64.     Paragraph 64 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 64.

65.     Paragraph 65 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 65.

## COUNT III

66.     To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 65, above, as if fully set forth herein.

67.     Paragraph 67 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 67.

68.     Paragraph 68 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 68.

69.     Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 69.

70.     Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 70.

71.     Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 71.

## COUNT IV

72.     To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 71, above, as if fully set forth herein.

73.     Paragraph 73 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 73.

74.     Paragraph 74 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74.

75.     Paragraph 75 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 75.

76.     Paragraph 76 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 76.

**COUNT V**

77.     To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 76, above, as if fully set forth herein.

78.     Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 78.

79.     Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 79.

**COUNT VI**

80.     To the extent any response to the allegations in this paragraph is required, Defendants restate their responses to paragraphs 1 through 79, above, as if fully set forth herein.

81.     Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82.     Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82.

83.     Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84.     Paragraph 84 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

## REQUEST FOR RELIEF

Defendants state that no response is required to Plaintiff's request for relief in the paragraph following Paragraph 84.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the Complaint, or any relief at all.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to Defendants as to any element of any claim asserted in the Complaint, Defendants assert the following affirmative and other defenses:

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

SKAT's claims are barred by the doctrine of the Revenue Rule, which prohibits one sovereign from using courts of another sovereign to enforce its revenue laws.

## THIRD DEFENSE

Defendants acted at all times reasonably and with due care; reasonably relied upon the actions and statements of others; and did not directly or indirectly cause, induce, aid, or abet any acts constituting the claims asserted by SKAT.

## FOURTH DEFENSE

Defendants did not engage in any unlawful conduct, and Defendants are not liable for any unlawful acts that may have been committed by others.

## FIFTH DEFENSE

SKAT has failed to mitigate, minimize, or avoid any alleged damages.

## SIXTH DEFENSE

SKAT is barred from relief by the doctrines of unclean hands, estoppel, laches, release, unjust enrichment, and/or waiver due to SKAT's own acts and/or omissions with reference to the subject matter of the Complaint.

## SEVENTH DEFENSE

The alleged damages sought by SKAT are barred, in whole or in part, by the applicable statute(s) of limitations.

## EIGHTH DEFENSE

The proximate cause of SKAT's injuries, if any, is the conduct of SKAT or others and not any act or omission by Defendants.

## NINTH DEFENSE

The claims alleged in the Complaint are barred in whole or in part for failure to join indispensable or necessary parties.

## TENTH DEFENSE

The recovery by SKAT, if any, should be barred because the subject matter of this lawsuit is the subject of another pending legal proceeding.

## ELEVENTH DEFENSE

SKAT's action is barred because of SKAT's failure to exhaust administrative and other legal remedies available to it.

## TWELFTH DEFENSE

Defendants hereby adopt and incorporate by reference any and all other legally valid defenses to be asserted by any other defendant in this action to the extent they are applicable to Defendants.

## THIRTEENTH DEFENSE

The claims alleged in the Complaint are barred in whole or in part by res judicata.

## FOURTEENTH DEFENSE

The Complaint fails to plead fraud with the adequate degree of specificity and particularity.

## FIFTEENTH DEFENSE

If SKAT suffered any loss, damage, or injury, such loss, damage, or injury was caused in whole or in part by, and arose out of, SKAT's culpable conduct, including but not limited to, contributory negligence and assumption of the risk.

## SIXTEENTH DEFENSE

If SKAT suffered any loss, damage, or injury, such alleged loss, damage, or injury was caused in whole or in part by the negligence, assumption of risk, and/or fault of other culpable parties and/or third parties to this action, other than Defendants, for whose acts or omissions or breaches of legal duty Defendants are not liable.

## SEVENTEENTH DEFENSE

The claims alleged in the complaint are barred in whole or in part by collateral estoppel.

## EIGHTEENTH DEFENSE

SKAT's recovery, if any, should be reduced by application of New York's General Obligations Law § 15-108.

## NINETEENTH DEFENSE

This Court lacks subject matter jurisdiction to hear this action.

## TWENTIETH DEFENSE

Defendants were entitled to any money received from SKAT.

### TWENTY-FIRST DEFENSE

Plaintiff lacks standing to bring this action.

### TWENTY-SECOND DEFENSE

Defendant complied with all applicable rules and regulations, including all applicable U.S. and Danish securities laws and all applicable SKAT policies and procedures, that were in effect when submitting reclaims for refunds of dividend-withholding tax.

### TWENTY-THIRD DEFENSE

Defendants hereby reserve and assert all affirmative and other defenses available under any applicable federal or state law.  Defendants presently have insufficient knowledge or information upon which to form a basis as to whether they may have additional, as yet unstated, affirmative or other defenses available. Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert additional defenses, counterclaims, cross-claims, and third-party claims at any subsequent stage of this action in the event that discovery indicates that such additional defenses or claims would be appropriate.

\* \* \*

### THE BASALT VENTURES LLC ROTH 401(K) PLAN'S COUNTERCLAIMS AGAINST THE CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant/Counterclaim-Plaintiff Basalt Ventures LLC Roth 401(K) Plan ("the Basalt Plan" or "Basalt") brings the following counterclaims against Plaintiff/Counterclaim-Defendant the Customs and Tax Administration of the Kingdom of Denmark ("Skatteforvaltningen" or "SKAT") based on its refusal to reimburse the Basalt Plan for the dividend-withholding tax owed pursuant to the double-

14

taxation treaty between Denmark and the United States.[1]  By bringing these counterclaims, the Basalt Plan does not waive any arguments in support of dismissal of this action or in the collateral proceedings in Denmark.

As set forth more fully below, SKAT refuses to refund dividend-withholding tax to the Basalt Plan despite SKAT's prior course of conduct and its own polices, practices and procedures – and in clear contravention of the U.S.-Denmark Tax Treaty.  Thus, as and for its counterclaims against SKAT, the Basalt Plan allege as follows:

## PARTIES

1.      The Basalt Ventures LLC Roth 401(K) Plan is a pension, profit sharing, or stock bonus plan qualified under section 401(a) of the United States Internal Revenue Code, exempt from taxation under section 501(a) of the United States Internal Revenue Code, and resident of the United States of America for purposes of U.S. taxation.  The Basalt Plan is administered from the State of New York.

2.      At all relevant times herein, SKAT was the Danish government agency charged with the assessment and collection of Danish taxes.

## JURISDICTION AND VENUE

3.      The Court has subject-matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because the civil action is between a foreign state and U.S. citizens.

---

[1] Convention and Protocol Amending the Convention between the United States and Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, U.S.-Den., art. 10 (3)(c) and 22(2)(e), May 6, 1948, Treaty Doc. No. 106-12 (effective date Jan. 1, 2001) (the "U.S.-Denmark Tax Treaty").

4.      The Court has supplemental jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367 because the counterclaims form part of the same case or controversy as SKAT's claims.

5.      The Court has personal jurisdiction over SKAT pursuant to 28 U.S.C. §§ 1605 and 1607 because SKAT has waived its sovereign immunity, if any, and because these counterclaims arise out of the transactions and occurrences set forth in SKAT's complaint.

6.      Venue is proper in the United States District Court for the Southern District of New York because the factual allegations set forth in these counterclaims arise out of the same transactions and occurrences set forth in SKAT's complaint.

## STATEMENT OF FACTS

**A.      Pursuant to the U.S.-Denmark Tax Treaty, a U.S. pension plan that receives a dividend on shares of a Danish company is entitled to 100% of the dividend.**

7.      At all relevant times herein, Danish law required Danish companies to withhold and report to SKAT 27% of the dividends Danish companies distribute to their respective shareholders.

8.      Pursuant to the U.S.-Denmark Tax Treaty, Denmark cannot tax dividends paid to a U.S. pension plan by a Danish company.

9.      At all relevant times, SKAT served the Danish government as the agency responsible for refunding dividend-withholding taxes, including refunds of dividend-withholding taxes owed to U.S. pension plans.

**B.      Until 2015, SKAT paid dividend-withholding tax refund claims that included the required supporting documentation, including claims made on behalf of the Basalt Plan.**

10.     SKAT created the process by which U.S. pension plans could apply for a refund of dividend-withholding taxes.

16

11.  Pursuant to that process, SKAT paid dividend-withholding tax claims that included the following supporting documentation (the "Supporting Documentation"):

    a.  Form 06.003, entitled "Claim to Relief from Danish Dividend Tax," which was a SKAT-issued form identifying, among other things, the U.S. pension plan claiming the refund and the amount of the refund claim;

    b.  A "tax voucher" (also known as a "credit advice") describing, among other things, the U.S. pension plan's shareholdings, the amount of the dividend received by the U.S. pension plan, and the amount of dividend tax withheld;

    c.  A statement from the IRS certifying the U.S. pension plan's tax-exempt status; and

    d.  A signed power of attorney from the U.S. pension plan's representative authorizing a designated payment agent to submit the withholding tax refund form on behalf of the claimant.

12.  SKAT routinely refunded dividend-withholding taxes that included the Supporting Documentation.  On information and belief, SKAT did so pursuant to its own policies and procedures and the requirements of the U.S.-Denmark Tax Treaty.

13.  In 2014 and 2015, the Basalt Plan submitted 8 dividend-withholding-tax refund claims to SKAT through Goal Taxback Limited ("Goal") in relation to the dividends net of withholding tax that the Basalt Plan received based on its holding and ownership of stock in Danish companies on the dates necessary to be paid those dividends.

14.  Telesto Markets LLP ("Telesto"), the Basalt Plan's broker and custodian, provided tax vouchers for the Basalt Plan's withholding-tax refund claims.

15.  For all of the Basalt Plan's withholding-tax refund claims, the Basalt Plan relied on the reputation and integrity of Telesto and reasonably believed that Telesto would only create legitimate records of the Basalt Plan's shareholding, dividend receipts, and withheld taxes.

16.  SKAT refunded dividend-withholding taxes to the Basalt Plan for 7 of the 8 refund applications submitted on behalf of the Basalt Plan.

17.     In August 2015, however, SKAT stopped paying dividend-withholding tax refund requests, even those that contained the required Supporting Documentation.

18.     At that time, one (1) dividend-withholding tax refund claim submitted to SKAT by Goal on behalf of the Basalt Plan remained pending.

C.      **SKAT wrongfully refuses to process the unpaid claim and owes the Basalt Plan withheld dividend taxes.**

19.     Auriga Industries A/S ("Auriga"), a Danish company, announced its intention to issue dividend payments to its shareholders, with a record date of June 15, 2015 and a pay date of June 16, 2015.

20.     On June 15, 2015, which was the applicable Auriga dividend record date, the Basalt Plan, through its brokerage account with Telesto, held and owned 29,648 shares in Auriga.

21.     For the 2015 Auriga dividend payment, Auriga paid DKK 323.00 for each share held and owned by its shareholders, including the Basalt Plan.

22.     On information and belief, in accordance with Danish tax law, Auriga withheld and paid to SKAT 27% of the total dividend owed to the Basalt Plan.

23.     The Basalt Plan, through its brokerage account with Telesto, received DKK 6,990,701, which, to its knowledge and belief and according to information provided by Telesto, constituted the dividend payment owed to the Basalt Plan for its holding and ownership of 29,648 Auriga shares on June 15, 2015 net the applicable 27% dividend-withholding tax.

24.     The 27% dividend-withholding tax in relation to the Basalt Plan's holding and ownership of 29,648 Auriga shares on June 15, 2015 was DKK 2,585,602.08. (the "Auriga Withholding").

18

25.     TDC A/S ("TDC"), a Danish company, announced its intention to issue dividend payments to its shareholders, with a record date of August 11, 2015 and a pay date of August 12, 2015.

26.     On August 11, 2015, which was the applicable TDC dividend record date, the Basalt Plan, through its brokerage account with Telesto, held and owned 1,091,735 shares in TDC.

27.     For the 2015 TDC dividend payment, TDC paid DKK 1.00 for each share held and owned by its shareholders, including the Basalt Plan.

28.     On information and belief, in accordance with Danish tax law, TDC withheld and paid to SKAT 27% of the total dividend owed to the Basalt Plan.

29.     The Basalt Plan, through its brokerage account with Telesto, received DKK 796,966.55, which, to its knowledge and belief and according to information provided by Telesto, constituted the dividend payment owed to the Basalt Plan for its holding and ownership of 1,091,735 TDC shares on August 11, 2015 net the applicable 27% dividend-withholding tax.

30.     The 27% dividend-withholding tax in relation to the Basalt Plan's holding and ownership of 1,091,735 TDC shares on August 11, 2015 was DKK 294,768.45 (the "TDC Withholding").

31.     The sum of the Auriga Withholding and TDC Withholding is DKK 2,880,370.53 (the "August Refund"), which, as of February 1, 2020 equals approximately $427,989.68 (USD).[2]

32.     On information and belief, SKAT received at least the amount of the August Refund from Auriga and TDC in the form of dividend-withholding taxes in connection with Auriga's June 16, 2015 dividend payment to the Basalt Plan and TDC's August 12, 2015 dividend payment to the Basalt Plan.

---

[2] This conversion is based on an exchange rate of 1.00 USD to 6.73 DKK, which, on information and belief is the exchange rate on February 1, 2020.

33.     Telesto confirmed the Basalt Plan's holding and ownership of 29,648 Auriga shares over the dividend date with a tax voucher (the "Auriga Tax Voucher") that Telesto provided to the Basalt Plan.

34.     Telesto confirmed the Basalt Plan's holding and ownership of 1,091,735 TDC shares over the dividend date with a tax voucher (the "TDC Tax Voucher") that Telesto provided to the Basalt Plan.

35.     The Auriga Tax Voucher and TDC Tax Voucher also described the Basalt Plan's receipt of the dividends and the withholding taxes deducted in relation to the Basalt Plan's holding and ownership of 29,648 Auriga shares and 1,091,735 TDC shares.

36.     Shortly after Telesto issued the Auriga Tax Voucher and TDC Tax Voucher, Goal submitted a dividend-withholding tax refund application for the August Refund on the Basalt Plan's behalf.

37.     The information in the application submitted to SKAT by Goal in support of the Unpaid Refunds was, to the best of the Basalt Plan's knowledge, truthful and accurate and provided sufficient information for SKAT to pay the Unpaid Refunds.

38.     Nevertheless, despite SKAT's prior course of conduct and its practices, policies, and procedures, SKAT refused to pay the Unpaid Refunds to the Basalt Plan in contravention of the U.S.-Denmark Tax Treaty.

39.     SKAT continues to knowingly possess the Unpaid Refunds and refuses to pay the Unpaid Refunds to the Basalt Plan.

40.     On information and belief, SKAT has not paid any dividend withholding-tax claims to anyone since before August 2015.

## COUNT I

### Unjust Enrichment

41.     The Basalt Plan repeats and realleges paragraphs 1 through 40 of its counterclaims as though set forth fully herein.

42.     The Basalt Plan is entitled to the Unpaid Refunds pursuant to the U.S.-Denmark Tax Treaty.

43.     Despite SKAT's prior course of conduct and its practices, policies, and procedures, SKAT has refused to pay and knowingly possesses the Unpaid Refunds in contravention of the U.S.-Denmark Tax Treaty.

44.     By retaining the Unpaid Refunds to which the Basalt Plan is entitled, SKAT has been unjustly enriched.

45.     The Basalt Plan has suffered a loss because of SKAT's unjust enrichment.

46.     SKAT is liable to account and pay to the Basalt Plan the Unpaid Refunds, plus interest.

## COUNT II

### Promissory Estoppel

47.     The Basalt Plan repeats and realleges paragraphs 1 through 46 of its counterclaims as though set forth fully herein.

48.     SKAT created the process by which it would receive, review, and either deny or accept applications for dividend-withholding taxes pursuant to the U.S.-Denmark Tax Treaty.

49.     Pursuant to that process, and as evidenced by SKAT's prior course of conduct, its practices, policies, and procedures – and in accordance with the U.S.-Denmark Tax Treaty – SKAT promised to pay all dividend-withholding tax refund requests that were supported by what it deemed to be sufficient Supporting Documentation.

50.     SKAT should – and, on information and belief, did – reasonably expect its promises to induce the Basalt Plan and other similarly-situated U.S. pension plans to (i) invest in Danish companies issuing dividends and (ii) submit withholding-tax refund claims with sufficient Supporting Documentation.

51.     The Basalt Plan acted with prudence and in reasonable reliance on SKAT's promise and invested in Auriga on or before June 2015 and TDC on or before August 2015 through its account with Telesto.

52.     The Basalt Plan further acted with prudence and in reasonable reliance on SKAT's promises and, with the assistance of Telesto and Goal, provided SKAT with sufficient Supporting Documentation for the Unpaid Refunds.

53.     SKAT should have known – and, on information and belief, in fact knew – that the Basalt Plan had relied on SKAT's promise.

54.     At the time of the Basalt Plan's August Refund claim, SKAT, on information and belief, knew all important and material facts concerning the Basalt Plan's refund claim, including that (i) the U.S.-Denmark Tax Treaty allowed U.S. pension plans to recover dividend-withholding tax; (ii) its own practices, policies, and procedures only required the submission of the Supporting Documentation; and (iii) based on the Supporting Documentation, the Basalt Plan held and owned Auriga and TDC shares on the applicable record dates, that the Basalt Plan received dividends net of withholding tax, and that the Basalt Plan is entitled to the Unpaid Refunds.

55.     SKAT failed to fulfill its promise by failing to pay the Unpaid Refunds to the Basalt Plan.

WHEREFORE, having fully answered all of the allegations of the Complaint to which any answer is required, and for the reasons set forth above, the Basalt Plan and van Merkensteijn pray for relief and judgment:

A.      Dismissing the Complaint with prejudice;

B.      Denying Plaintiff the relief sought in the Complaint;

C.      Ordering that Plaintiff take nothing and that judgment be entered against Plaintiff;

D.      For Counterclaim Counts I and II, SKAT is liable to the Basalt Plan for damages sustained by SKAT's wrongful conduct in refusing to reimburse the Basalt Plan in connection with the Basalt Plan's Reclaim on dividends received in the amount of DKK 2,880,370.53 plus pre- and post-judgment interests, fees, costs and expenses;

E.      Awarding Basalt and van Merkensetijn costs and expenses incurred as a result of having to defend this action; and

F.      Granting Basalt and van Merkensteijn such other relief as the Court may deem just and proper.

Dated: New York, New York

February 3, 2020

Respectfully submitted,

KOSTELANETZ & FINK, LLP

By:  s/ Sharon L. McCarthy
     SHARON L. MCCARTHY
     CAROLINE CIRAOLO
     NICHOLAS S. BAHNSEN
     7 World Trade Center, 34th Floor
     New York, New York 10007
     Tel:    (212) 808-8100
     Fax:    (212) 808-8108
     cciraolo@kflaw.com
     smccarthy@kflaw.com
     nbahnsen@kflaw.com

     *Attorneys for Defendants Basalt Ventures LLC Roth 401(K) Plan and John van Merkensteijn*