**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF<br>THE KINGDOM OF DENMARK<br>(SKATTEFORVALTNINGEN) TAX REFUND<br>SCHEME LITIGATION<br><br>This document relates to: 19-cv-1781, 19-cv-1783,<br>19-cv-1785, 19-cv-1788, 19-cv-1791, 19-cv-1792,<br>19-cv-1794, 19-cv-1798, 19-cv-1800, 19-cv-1801,<br>19-cv-1803, 19-cv-1806, 19-cv-1808, 19-cv-1809,<br>19-cv-1810, 19-cv-1812, 19-cv-1813, 19-cv-1815,<br>19-cv-1818, 19-cv-1865, 19-cv-1866, 19-cv-1867,<br>19-cv-1868, 19-cv-1869, 19-cv-1870, 19-cv-1871,<br>19-cv-1873, 19-cv-1893, 19-cv-1894, 19-cv-1895,<br>19-cv-1896, 19-cv-1898, 19-cv-1904, 19-cv-1906,<br>19-cv-1911, 19-cv-1918, 19-cv-1922, 19-cv-1924,<br>19-cv-1926, 19-cv-1928, 19-cv-1929, 19-cv-1930,<br>19-cv-1931. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINTS**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Sarah L. Cave
John T. McGoey
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ..........................................................................................................2

LEGAL STANDARD...................................................................................................................3

ARGUMENT ...............................................................................................................................4

I.      SKAT HAS STANDING BECAUSE
IT WAS INJURED BY DEFENDANTS' FRAUD............................................................4

      A.      SKAT Pleaded Sufficiently That It Was Injured By Defendants' Fraud................5

      B.      The Defendants' Fraud Injured SKAT. ................................................................5

      C.      SKAT Is Not An Agent Or Assignee Of The Kingdom Of Denmark. ...................8

CONCLUSION.............................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carter v. HealthPort Techs., LLC*, 822 F.3d 47 (2d Cir. 2016)............................................3, 4, 5, 8

*Dennis v. JPMorgan Chase & Co.*, 343 F. Supp. 3d 122 (S.D.N.Y. 2018)....................................6

*Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104 (2d Cir. 2018) .......................................4

*John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732 (2d Cir. 2017) ...............................................6

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ................................................................4, 5

*Sea Trade Maritime Corp. v. Coutsodontis*, No. 09 Civ. 488(BSJ)(HBP), 2012
    WL 6097726 (S.D.N.Y. Dec. 4, 2012) ...........................................................................4

*In re Skat Tax Refund Scheme Litig.*, 356 F. Supp. 3d 300 (S.D.N.Y. 2019)................................7

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) ..........................................................................4

*Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269 (2008).........................................7

*United States v. Cambio Exacto, S.A.*, 166 F.3d 522 (2d Cir. 1997) ..........................................8, 9

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir.
    2008) ..........................................................................................................................8

Plaintiff Skatteforvaltningen ("SKAT"), the Customs and Tax Administration of the Kingdom of Denmark, respectfully submits this memorandum of law in opposition to the Defendants' motion to dismiss the complaints pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]

## PRELIMINARY STATEMENT

Defendants' argument that SKAT lacks standing because it was not injured by the Defendants' fraud fails because its fundamental premise—that SKAT is a distinct legal entity apart from the Kingdom of Denmark—is false.  The Kingdom of Denmark is a unitary legal entity comprised, in part, of its executive branch ministries and other government bodies that fulfill the Kingdom's various duties and responsibilities.

SKAT is the part of the government of the Kingdom of Denmark responsible for collecting and assessing Danish taxes, and is not a separate, legally distinct entity from the Kingdom.  When SKAT collects Danish taxes, it does so as the Kingdom of Denmark.  SKAT collects those taxes into, and dispenses refunds from, accounts that it owns and to which it has legal title.  Defendants defrauded SKAT into sending them large amounts of money from SKAT's bank account.  As the agency within the Kingdom of Denmark injured by Defendants' fraud, SKAT is the proper party to bring these actions.

Finally, because SKAT is not a separate legal entity, distinct from the Kingdom of Denmark, in bringing these actions SKAT is not acting as agent or assignee of the Kingdom.

---

1.  "Defendants" refers collectively to defendants Richard Markowitz, Jocelyn Markowitz, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC Roth 401(K) Plan, RJM Capital Pension Plan, and Routt Capital Pension Plan, who moved to dismiss SKAT's complaints against them (ECF Nos. 134-35, 139-40), together with those defendants who joined in the motion (ECF Nos. 141, 143-44).

## STATEMENT OF FACTS

These consolidated cases arise from a fraudulent scheme in which Defendants participated, and which deceived SKAT into paying over 12.7 billion Danish Kroner, the equivalent of approximately $2.1 billion, to over 300 entities around the world that falsely represented that they were entitled to refunds of amounts withheld from dividends paid by Danish companies. (Compl. ¶¶ 2, 3.)[2]

## SKAT is not a separate legal entity from the Kingdom of Denmark.

SKAT is the agency of the Kingdom of Denmark "charged with the assessment and collection of Danish taxes." (*Id.* ¶ 16.) SKAT, however, is not a separate legal entity, distinct from the Kingdom of Denmark. (Declaration of Mads Bryde Andersen, dated July 12, 2019, ("Andersen Decl.") ¶ 13.) Rather, "SKAT and the Ministry of Finance are ministries within the Danish government administration each of which are integral parts of one and the same legal entity, namely The Kingdom of Denmark." (*Id.*)

SKAT is part of the Kingdom's Ministry of Taxation. (*Id.* ¶ 28.) Like other ministries that comprise the Danish government, the Ministry of Taxation, including SKAT, is not distinct from the Kingdom of Denmark. (*Id.* ¶ 26.) Thus, SKAT has no separate legal existence from the Kingdom of Denmark. (*Id.*)

## Defendants fraudulently obtained refunds from a bank account in SKAT's name.

SKAT administers Denmark's tax laws, as the Kingdom of Denmark. (*Id.* ¶ 19.) SKAT has complete control and authority over its day-to-day operations, which its director generals oversee and execute. (Declaration of Gry Ahlefeld-Engel dated July 12, 2019 ("Ahlefeld-Engel

---

2. The allegations in SKAT's complaints against the Defendants are substantially similar. Citations to the allegations in the complaints are to the complaint SKAT filed against RJM Capital Pension Plan and Richard Markowitz, No. 19-cv-01898.

Decl.") ¶ 4.)  These operations include employing personnel, contracting for goods and services, collecting and receiving taxes, and maintaining bank accounts.  (*Id.*)

SKAT has established multiple bank accounts in its own name to hold tax revenues and other incoming payments, and to pay tax refunds and other payments to third parties.  (*Id.* ¶ 5.)  Being the responsible agency of the Kingdom of Denmark, SKAT holds legal title under Danish law to the funds in its bank accounts.  (Andersen Decl. ¶ 19.)

As a result of Defendants' fraudulent representations made directly to SKAT, and SKAT's reliance on those misrepresentations, SKAT paid Defendants millions of Kroner to which they were not entitled.  (Compl. ¶ 13; *see also* Declaration of Sarah L. Cave dated July 18, 2019 ("Cave Decl."), Ex. A at 4 (Revocation Decision dated Feb. 7, 2019) (SKAT "paid dividend tax refunds" to Defendant Omineca Pension Plan).)  SKAT paid refunds to Defendants from a bank account in SKAT's name (Ahlefeld-Engel Decl. ¶¶ 5-6 & Exs. B, C), over which it held legal title under Danish law.  (Andersen Decl. ¶ 19.)

SKAT, as the defrauded party, "has the responsibility to raise the claims presented" in this litigation.  (Andersen Decl. ¶ 43.)  Under Danish law, public authorities such as SKAT sue and are sued in their own names, not in the name of "the Kingdom of Denmark."  (*Id.* at ¶ 48; Ahlefeld-Engel Decl. ¶ 7 & Ex. D.)

## **LEGAL STANDARD**

While the Court in considering a Rule 12(b)(1) motion to dismiss for lack of standing may refer to evidence outside the pleadings proffered by the defendant, if such evidence is "immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing," then the plaintiff is "entitled to rely on the allegations" in its pleading.  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016).  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to

dismiss," it is "presume[d] that general allegations embrace those specific facts that are necessary to support the claim."  *Id.* at 56 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  The party raising an issue of foreign law bears the burden of "proving [the] foreign law to enable" the Court's "application of it."  *Sea Trade Maritime Corp. v. Coutsodontis*, No. 09 Civ. 488(BSJ)(HBP), 2012 WL 6097726, at *3 (S.D.N.Y. Dec. 4, 2012).

## ARGUMENT

### I.    SKAT HAS STANDING BECAUSE IT WAS INJURED BY DEFENDANTS' FRAUD.

"Standing to sue is a doctrine rooted in the traditional understanding" of Article III of the Constitution's limit of federal courts' jurisdiction to "'Cases' and 'Controversies.'"  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  The three elements that form "the 'irreducible constitutional minimum' of standing" are that the plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Id.* (quoting *Lujan*, 504 U.S. at 560).

Pleading an injury in fact requires allegations that the plaintiff "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560); *see also Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 111 (2d Cir. 2018) ("to plead standing, the pleader need only show that allowing her to *raise* her claim in federal court would not move so beyond the court's ken as to usurp the power of the political branches" (emphasis in original)).  "Any monetary loss suffered by the plaintiff satisfies this element; even a small financial loss suffices."  *Carter*, 822 F.3d at 55 (internal quotation omitted).

A.    **SKAT Pleaded Sufficiently That It Was Injured By Defendants' Fraud.**

As an initial matter, Defendants argue that SKAT's complaints fail to "state a particularized and concrete harm to SKAT." (Defs. Mem. 7.)  In fact, SKAT alleges that Defendants wrongly deprived and defrauded SKAT of large amounts of money.  The complaints specifically allege that SKAT "suffered damages" as a result of paying Defendants' "baseless withholding tax refund claims" in reliance on their "false and fraudulent misrepresentations." (Compl. ¶ 57; *see also id.* ¶ 2 (describing a "scheme to deceive SKAT into paying out over 12.7 billion Danish Kroner"); ¶ 5 (defendants, through their agents, "obtained over $2.1 billion in refunds from SKAT" based on false applications made "to SKAT"); ¶ 13 (as a result of defendants' fraudulent claims, "SKAT paid baseless withholding tax refund claims and was damaged in the amount of DKK 59,487,345"); ¶ 64 ("SKAT has suffered substantial damages"); ¶ 70 ("SKAT suffered a loss"); ¶ 75 (similar); ¶ 84 (similar).)

SKAT "has no evidentiary burden" with respect to this facial challenge to the sufficiency of SKAT's allegations.  *Carter*, 822 F.3d at 56.  The absence of an allegation that SKAT "owns or is otherwise entitled to the money it collects," (Defs. Mem. 7), is not a pleading defect; on a motion to dismiss, "general factual allegations of injury resulting from the defendant's conduct may suffice" because it is "presume[d] that general allegations embrace those specific facts that are necessary to support the claim." *Carter*, 822 F.3d at 56 (quoting *Lujan*, 504 U.S. at 561).

B.    **The Defendants' Fraud Injured SKAT.**

Next, Defendants argue that SKAT suffered no injury because the funds they wrongfully took "belonged at all times to the Kingdom of Denmark itself," as if this means that the funds did "not [belong to] SKAT." (Defs. Mem. 1.)  This argument fails because it is based on the false (and wholly unsupported) assertion that "SKAT and the Kingdom of Denmark are distinct entities." (Defs. Mem. 10.)

SKAT is not a legally distinct entity from the Kingdom of Denmark, but instead is part of the executive branch of the Danish government.  (Andersen Decl. ¶¶ 13, 20.)  In order to fulfill its duties and responsibilities with respect to administering Denmark's tax laws, SKAT maintains bank accounts in its own name, over which it has legal title, to hold the tax revenue it collects. (*Id.* ¶ 19; *see* Ahlefeld-Engel Decl. ¶¶ 5-6 & Exs. B, C.)  Under Danish law, when a taxpayer transfers funds to SKAT to satisfy its tax liability, SKAT acquires legal title to those funds. (Andersen Decl. ¶ 19.)  As a result of the Defendants' fraudulent refund claims, SKAT paid Defendants from its bank account, using funds over which it held title, causing a direct injury to SKAT, as the Kingdom of Denmark.  (Ahlefeld-Engel Decl. ¶¶ 5-6; Cave Decl. Ex. A at 4.)

The financial injury that SKAT, being the entity responsible for administering Denmark's tax laws, suffered by paying Defendants refunds to which they were not entitled exceeds the "low threshold" necessary for establishing a constitutional injury in fact.  *Dennis v. JPMorgan Chase & Co.*, 343 F. Supp. 3d 122, 154 (S.D.N.Y. 2018) (Kaplan, J.) (internal quotation omitted); *accord John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017) (injury in fact requirement is "a low threshold" that "helps to ensure that the plaintiff has a personal stake in the outcome of the controversy" (internal quotation omitted)).  As the agency of the Kingdom of Denmark from which the Defendants obtained large sums of money under fraudulent pretenses, SKAT is the part of the Kingdom of Denmark responsible for bringing these actions to recover the stolen funds.  (Andersen Decl. ¶ 43.)

Defendants argue that SKAT lacks standing because in the normal course, SKAT "has a nondiscretionary duty to remit what it collects to the Public Accounts."  (Defs. Mem. 7.)  This argument is doubly flawed.  First, the argument rests on the false premise that SKAT is acting for a separate entity—as if SKAT and the Kingdom were separate entities.  In fact, SKAT is part

of the Kingdom, so transfers between one part of the Kingdom and another part of the Kingdom are merely internal transfers by and to the same legal entity—the victim of Defendants' alleged fraud. Second, SKAT had title to the funds in its bank account that Defendants deceived SKAT into paying. (Andersen Decl. ¶ 19.) The fact that SKAT may later transfer funds it collects and recovers to other parts of the Kingdom of Denmark does not deprive SKAT of standing to seek recovery of the funds that the Defendants deceived SKAT into paying. *See Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 285 (2008) (plaintiff had standing because it held "legal title" to the claims, even though it would later transfer the recovery to the non-party assignor).

Referencing this Court's decision denying other defendants' motion to dismiss SKAT's complaints on the basis of the revenue rule,[3] Defendants argue that SKAT suffered no injury "[b]ecause the allegations are based on a claim that money was wrongfully taken from the Danish treasury." (Defs. Mem. 1.) Again, this argument assumes that the "Danish treasury" is a separate legal entity from SKAT. That is flatly wrong: there is only one victim here and that is SKAT, as the Kingdom of Denmark, which, based on fraudulent misstatements that Defendants made to SKAT, paid money to Defendants from SKAT's bank account. There is nothing in this Court's decision that permits Defendants to defraud any part of the Kingdom of Denmark without accounting to that part of the Kingdom. *See generally In re SKAT*, 356 F. Supp. 3d at 300. Moreover, SKAT has alleged specifically that Defendants fraudulently obtained refunds

---

3. Defs. Mem. at 1 ("Defendants are alleged to have received 'many millions of dollars in tax refunds from the Danish treasury under false and fraudulent pretenses.'" (quoting *In re Skat Tax Refund Scheme Litig.*, 356 F. Supp. 3d 300, 308 (S.D.N.Y. 2019))).

"from SKAT," the part of the Kingdom of Denmark responsible for administering taxes. (Compl. ¶ 5.)[4]

###    C.    SKAT Is Not An Agent Or Assignee Of The Kingdom Of Denmark.

Defendants' agency argument fails for the same reason: SKAT is not a legal entity distinct from the Kingdom of Denmark, and does not bring these actions as an agent on behalf, or as an assignee, of the Kingdom of Denmark.  Rather, as Defendants correctly note, "SKAT sues here in its own right, not on behalf of any other party."  (Defs. Mem. 10.)

SKAT, as the Kingdom of Denmark, is suing in its own right for its own injuries caused by Defendants' fraud, and therefore is "differently situated than the investment advisor in" *W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP*, (Defs. Mem. 9), that brought securities fraud claims as "attorney-in-fact on behalf of" its clients and "explicitly disclaim[ed] that it suffered an injury individually in a way that is separate from its agency function." 549 F.3d 100, 104 (2d Cir. 2008) (internal quotations omitted).  The Second Circuit held there that the investment advisor lacked standing because the powers of attorney its clients signed did not assign it title to their claims, and thus it failed to meet "the minimum requirement for an injury-in-fact . . . that the plaintiff have legal title to, or a proprietary interest in, the claim."  *Id.* at 108. In contrast, SKAT does not sue here as an agent of the Kingdom of Denmark.  SKAT sues here as the part of the Kingdom of Denmark to whom the false statements were made and that held legal title to the funds Defendants fraudulently obtained.

SKAT is not analogous to the "the correspondent" in *United States v. Cambio Exacto, S.A.* (Defs. Mem. 9-10) that made payments to the transmitter "Perusa's customers in advance of

---

4.    Defendants' motion requests that the Court dismiss SKAT's complaints "with prejudice" (Defs. Mot. 1), but "where a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice."  *Carter*, 822 F.3d at 54.

receiving money from Perusa." 166 F.3d 522, 528 (2d Cir. 1999). In *Cambio Exacto*, the

Second Circuit held that the correspondent lacked standing not because it suffered no injury,

(Defs. Mem. 9), but rather because it "fail[ed] to demonstrate an injury that resulted directly

from the" government's seizure of funds from Perusa, "or that would be redressed by a

successful challenge to the forfeiture of the defendant funds, which would result in their return to

Perusa, not" the correspondent. *Cambio Exacto*, 166 F.3d at 529. SKAT's injury, by contrast,

resulted directly from Defendants' fraud and would be redressed by a damages award.

Defendants' other cases concerning an agent's or assignee's standing are similarly

inapposite (Defs. Mem. 10-11) because SKAT does not sue as agent or assignee.

## CONCLUSION

For the reasons set forth above, SKAT respectfully requests that the Court deny

Defendants' motion to dismiss the complaints.

Dated: New York, New York
    July 19, 2019

HUGHES HUBBARD & REED LLP

By:   /s/ Sarah L. Cave
    William R. Maguire
    Marc A. Weinstein
    Sarah L. Cave
    John T. McGoey
    One Battery Park Plaza
    New York, New York 10004-1482
    Telephone: (212) 837-6000
    Fax:  (212) 422-4726
    bill.maguire@hugheshubbard.com
    marc.weinstein@hugheshubbard.com
    sarah.cave@hugheshubbard.com
    john.mcgoey@hugheshubbard.com

    *Counsel for Plaintiff Skatteforvaltningen*
    *(Customs and Tax Administration of the*
    *Kingdom of Denmark)*