# Exhibit 50

# Request 30(b)(6) document bundle for Ekstrand

*All documents*

http://skat.dk/SKAT.aspx?old=1826420&vld=0     Go
3 captures
8 Jun 2012 - 21 Feb 2013

MAY   JUN   FEB
◄    11    ►
2011  2012  2013        ▼ About this capture



Contact | 🇩🇰

SEARCH

Here you are: English > Living outside Denmark > How to avoid double taxation on dividends

# How to get a refund of dividend tax

**How to apply for a refund**

The form Claim for Refund of Danish Dividend Tax must be completed and returned to SKAT.

**Swiss investment funds**

In the case of Swiss investment funds, the form Swiss investment funds etc. - claim to refund of Danish dividend tax must be completed and returned to the Federal Tax Administration, SR-A, Eigerstrasse 65, 3003 Bern. The form applies to Swiss investment funds and separate properties claiming a refund of tax withheld on dividends derived from sources within Denmark.

- You are entitled to claim a refund of tax deducted at source from dividends paid by Danish companies, on behalf of unit holders who are resident outside Denmark.

- Access the form Claim to Relief from Danish Dividend Tax

**Contact**

You are welcome to contact us on +45 72 22 18 18.

http://skat.dk/SKAT.aspx?old=1826381  Go

**7 captures**
12 May 2012 - 9 Apr 2013

NOV JAN MAR
◀ **17** ▶
2012 **2013** 2014

▼ About this capture



Contact |

Here you are: English > Living outside Denmark

# How to avoid double taxation on dividends

You can avoid double taxation on dividends if the authorities in your country certify your country of residence. If you own Danish shares in the VP Securities Services (Værdipapircentralen), you might risk double taxation of dividends.

- You can avoid double taxation on dividends if the authorities in your country certify your country of residence.

**Self-service:**

Access form no. 02.002 Certificate of Residential Address

**Read more:**

How to get a refund of dividend tax

If you are moving

## Double taxation agreements

You may avoid double taxation on dividends, if:

- You are able to certify that your country of residence is outside Denmark.
- Your country of residence has entered into a double taxation agreement with Denmark.

This means that the Danish withholding of dividend tax is only going to be with the tax rate stated in the double taxation agreement entered by the particular country of residence.

**How to certify your country of residence**
The authorities in your country of residence must certify that you are resident in the relevant country. You can use the form no.02.009 **Certificate of Residential Address** to certify your residence. The completed form must be returned to your depository bank.

**Do you live in Great Britain?**
If you live in Great Britain, you are entitled to a refund of the withholding dividend tax according to the double taxation agreement between Denmark and Great Britain. The form no.02.012 **Certificate of Residential Address and Tax Liability** must be completed and returned to SKAT.

http://skat.dk/SKAT.aspx?oId=79941&vId=0    Go

JAN  **SEP**  MAR

◀ **16** ▶

**10 captures**
23 Feb 2007 - 25 Sep 2019

2012  **2014**  2017

▼ About this capture

# Claim for Refund of Danish Dividend Tax, 06.003 EN

| | |
|---|---|
| Subtitle | Claim for Refund of Danish Dividend Tax |
| Document type | Form |
| Form no. | 06.003 EN |
| About this form | This form is used to apply for a refund of Danish dividend tax according to a double taxation agreement. |
| PDF version | Download form 06.003 (getFile.aspx?Id=70193) |

 _(display.aspx?oId=79941&vId=0)_   _(details.aspx?oId=79941&vId=0&lang=US)_



## We use cookies

We use cookies at skat.dk, for example to gather statistics and improve our information campaigns. By continuing to use our website or by closing this box, you are agreeing to our use of cookies. Read more about cookies  SKAT.as  x? oId=1617453&lan  =US .

OK    No thanks



# A.B.4.1.4.2 Tilbagebetaling af udbytteskat til fuldt og begrænset skattepligtige

| | |
|---|---|
| **Version** | 2013-1 |
| **ISBN-nummer** | 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-578-6 |
| **Resumé** | SKAT ajourfører Den juridiske vejledning to gange årligt - i januar og juli. |
| | Vejledningen giver udtryk for SKATs opfattelse af gældende praksis og har cirkulærestatus. |
| | Se også vejledningen "**Om Skatteministeriets juridiske vejledninger 2013-1**", som er et forord til Den juridiske vejledning. |
| | Alle de tidligere juridiske vejledninger er placeret i "**Se tidligere vejledninger**". |
| **Tryksted** | Vejledningen er ikke trykt - findes kun på skat.dk |
| **Dokument type** | Juridisk vejledning |

# Indhold

Dette afsnit handler om tilbagebetaling af udbytteskat, der er indeholdt og betalt til Danmark.

Afsnittet indeholder:

- Generelle betingelser for tilbagebetaling af udbytte og udbytteskat
- Tilbagebetaling af udbytteskat til fuldt skattepligtige personer
- Tilbagebetaling af udbytteskat til begrænset eller ikke-skattepligtige.

## Generelle betingelser for tilbagebetaling af udbytte og udbytteskat

Hvis et vedtaget udbytte ikke hæves, giver det ikke selskabet ret til at få udbyttet tilbagebetalt, og det giver heller ikke aktionæren eller andelshaveren ret til at få udbetalt udbytteskatten i et videre omfang end fastsat i **KSL § 67**. Se **KSL § 66, stk. 3**.

Enhver, der hæver eller får godskrevet udbytte, og som på fyldestgørende måde godtgør sin identitet, kan kræve, at den, der udbetaler eller godskriver udbyttet, samtidig attesterer den stedfundne udbetaling eller godsskrivning. Se **KSL § 67, stk. 4**.

Den, der efter **KSL § 67, stk. 4**, attesterer et godskrevet eller udbetalt udbytte overfor modtageren, skal som formkrav oplyse om:

- Udbyttemodtagerens navn, adresse og CPR-nummer, CVR-nummer eller SE-nummer
- Det udloddende selskabs navn og CVR-nummer eller SE-nummer
- Dato for vedtagelsen af udbytteudbetalingen.
- Størrelsen af det udbetalte udbytte og om
  - der indeholdes med 27 pct. efter **KSL § 65, stk. 1, 7 eller 9**,
  - der indeholdes med 25 pct. efter **KSL § 65, stk. 6**, og **KSLbek § 33**, eller
  - der indeholdes med 15 pct. efter **KSL § 65, stk. 11**, og **KSLbek § 34**.
  - Efter hvilket nr. i **KSLbek § 31**, der er undladt indeholdelse af udbytteskat.

Se **KSLbek § 35**.

## Tilbagebetaling af udbytteskat til fuldt skattepligtige personer

### Tilbagebetaling af udbytteskat til fysiske personer, der er fuldt skattepligtige til Danmark

Hvis en fysisk person, der er fuldt skattepligtig til Danmark efter **KSL § 1**, erhverver ret til udbytte, hvori der efter **KSL § 65** er indeholdt udbytteskat, modregnes udbytteskatten i den skattepligtiges slutskat efter **KSL § 60, stk. 1, litra d**. Hvis den indeholdte udbytteskat er en endelig betaling af skatten efter **PSL § 8 a, stk. 1**, indgår beløbet ikke i slutskatten, og der sker ikke modregning efter **KSL § 60, stk. 1, litra d**. Se **KSL § 67, stk. 1**.

For en fysisk person, der er fuldt skattepligtig til Danmark efter **KSL § 1, stk. 1**, udbetales udbytteskat, der ikke kan modregnes i slutskatten, og som ikke er endelig efter **PSL § 8 a, stk. 1**, som overskydende skat efter **KSL § 62 C**. Hvis udbyttemodtageren ikke er omfattet af **KSL § 1, stk. 1**, udbetales beløbet kun, hvis det udgør 25 kr. eller derover. Se **KSL § 67, stk. 5**.

## Tilbagebetaling af udbytteskat til juridiske personer, der er fuldt skattepligtige til Danmark

Hvis en juridisk person, der er fuldt skattepligtig til Danmark efter **SEL § 1** eller efter **fondsbeskatningsloven**, erhverver ret til udbytte, hvori der efter **KSL § 65** er indeholdt udbytteskat, modregnes udbytteskatten i den indkomstskat, som den skattepligtige skal betale for det indkomstår, hvor udbyttet er erhvervet. Se **KSL § 67, stk. 2**.

Hvis der for en juridisk person, der er fuldt skattepligtig til Danmark efter **SEL § 1** eller efter **fondsbeskatningsloven**, er indeholdt udbytteskat, men udbytteskat er fritaget for indeholdelse af udbytteskat efter regler, der er fastsat efter **KSL § 65, stk. 3**, kan udbyttemodtageren søge og få det indeholdte beløb udbetalt. Der udbetales ikke godtgørelse eller renter ved udbetalingen. Se **KSL § 67, stk. 6**, ændret ved **lov nr. 433 af 16. maj 2012.**

Hvis en udbyttemodtager, som ved udlodning af udbytte opfylder betingelserne for, at der ikke skal indeholdes udbytteskat, men hvor der fejlagtigt er indeholdt udbytteskat, kan udbyttemodtageren få tilbagebetalt den indeholdte udbytteskat fra SKAT. Ansøgning om tilbagebetaling skal være SKAT i hænde senest to måneder fra tidspunktet for vedtagelsen af udbyttet.

Foreninger, institutioner mv., der er omfattet af **SEL § 1, stk. 1, nr. 6**, eller **SEL § 3, stk. 1**, og som er undtaget fra skattepligt, bortset fra investeringsselskaber efter **SEL § 3, stk. 1, nr. 19**, samt fremmede stater, kan ansøge SKAT om udbetaling af eventuelt indeholdt udbytteskat. SKAT tilbagebetaler udbytteskatten, hvis der sendes frikort og anden dokumentation for kravet på tilbagebetaling af den indeholdte udbytteskat.

Se **KSLbek § 32**, der henviser til **KSLbek § 31, stk. 1, nr. 3-6, og stk. 2, nr. 1-2, samt stk. 4 og 5**.

# Tilbagebetaling af udbytteskat til begrænset eller ikke-skattepligtige

## Betingelser for tilbagebetaling af udbytteskat til begrænset skattepligtige eller ikke-skattepligtige

Den, der ikke er fuldt eller begrænset skattepligtig til Danmark, og som erhverver ret til udbytte, hvori der efter **KSL § 65** er indeholdt udbytteskat, kan ansøge SKAT om at få tilbagebetalt beløbet, der svarer til udbytteskatten.

Danmark skal frafalde eller lempe beskatningen af udbytte fra kilder her i landet efter en række dobbeltbeskatningsoverenskomster, som Danmark har indgået, og som indeholder regler, der svarer til artikel 10 i OECD's modeloverenskomst. Det kan ske enten ved

a)    helt eller delvis tilbagebetaling af indeholdt udbytteskat, eller ved

b)    at udbytteskat nedsættes eller bortfalder for personer, hjemmehørende i visse fremmede stater.

Ad a)

Hvis det udbyttebetalende selskab har indeholdt 27 pct. i udbytte, selvom aktionæren er hjemmehørende i en fremmed stat, hvor Danmark efter overenskomsten helt eller delvist har givet afkald på retten til at beskatte udbytte her fra landet, kan udbyttemodtageren søge udbytteskatten tilbagebetalt hos SKAT. Se afsnit **C.F.3.1.7** om begrænset skattepligt til Danmark af indkomst ved udbytter.

Ad b)

Hvis udbyttemodtageren dokumenterer at være hjemmehørende i Færøerne, Grønland eller en fremmed stat,  som Danmark har indgået dobbeltbeskatningsoverenskomst med, nedsættes indeholdelsesprocenten eller bortfalder indeholdelsen af udbytteskat efter overenskomsten umiddelbart ved udbyttets udbetaling eller godskrivning, når

udbyttemodtageren indgiver den fornødne dokumentation efter en ordning, der er aftalt mellem enten

- SKAT og Værdipapircentralen eller
- SKAT og det udbyttebetalende selskab.

Det gælder for udbyttemodtagere, der er

- begrænset skattepligtige fysiske personer efter **KSL § 2, stk. 1, nr. 6**, eller
- begrænset skattepligtige juridiske personer efter **SEL § 2, stk. 1, litra c**,
  - dog ikke modtagere af udbytte af datterselskabsaktier eller koncernselskabsaktier efter **KSLbek § 31, stk. 1, nr. 2**.

Udbyttemodtageren skal aflevere dokumentation for, hvilken dobbeltbeskatningsoverenskomst modtageren er omfattet af, til

- det udbyttebetalende selskab eller
- det danske pengeinstitut, der fører udbyttemodtagerens depot i Værdipapircentralen.

Dokumentation skal foreligge på en blanket, der er udformet af SKAT, og skal fornys hvert 5. år.

Se **§ 1 i BEK nr. 1442 af 20. december 2005 om indeholdelse af udbytteskat og royaltyskat**.

Uanset ordningen kan omfatte begrænset skattepligtige juridiske personer, anvendes ordningen i praksis kun for udbytte fra kilder i Danmark, der udloddes til fysiske personer, som efter en dobbeltbeskatningsoverenskomst, indgået med Danmark, er hjemmehørende i

- Belgien,
- Canada,
- Det Forenede Kongerige Storbritannien og Nordirland,
- Finland,
- Grækenland,
- Irland,
- Luxembourg,
- Nederlandene,
- Schweiz,
- Sverige,
- Tyskland eller
- USA.

## Afbrydelse af fristen for tilbagebetaling af udbytte-, rente- og royaltyskat af hensyn til SKATs kontrol

Hvis en fysisk eller juridisk person, der er begrænset skattepligtig til Danmark efter **KSL § 2** eller **SEL § 2**, har modtaget udbytte, hvori der efter **KSL §§ 65–65 A** er indeholdt kildeskat, som overstiger den endelige skat efter en dobbeltbeskatningsoverenskomst eller direktiv 2011/96/EU om en fælles beskatningsordning for moder- og datterselskaber fra forskellige medlemsstater, tilbagebetaler SKAT beløbet inden 6 måneder fra SKATs modtagelse af ansøgning om tilbagebetaling.

Sker tilbagebetaling efter dette tidspunkt, tilkommer der den skattepligtige en rente, der svarer til renten efter **OPKL § 7, stk. 2**, med tillæg af 0,4 procentpoint pr. påbegyndt måned.

Hvis SKAT pga. modtagerens forhold ikke kan kontrollere, om betingelserne for tilbagebetaling af kildeskat er opfyldt, afbrydes 6-måneders-tilbagebetalingsfristen, indtil modtagerens forhold ikke længere hindrer kontrol.

Hvis SKAT finder, at udbetaling på det foreliggende grundlag vil indebære en nærliggende risiko for provenutab af skat, kan SKAT kræve, at modtageren stiller sikkerhed. SKAT kan dog kun kræve sikkerhedsstillelse, hvis kravet om indeholdelse af kildeskat er omtvistet og ikke er endelig afgjort ved en administrativ klageinstans eller domstolene. Se **KSL § 69 B**, indsat ved **lov nr. 591 af 18. juni 2012**.

Reglerne om tilbagebetaling af dansk kildeskat af både udbytte, royalties og renter til begrænset skattepligtige, herunder forrentningen af tilbagebetalingskrav efter udløb af 6-måneders-tilbagebetalingsfristen, efter **KSL § 69 B**, svarer i store træk til det, der gælder ved tilbagebetaling af negativt tilsvar af skatter og afgifter efter **OPKL § 12**.

## Bemærk

Bemærk

Hvis SKAT

- ikke fuldt ud imødekommer en ansøgning fra en skattepligtig om at få tilbagebetalt kildeskat af udbytte efter **KSL § 67**,
- undervejs i sagsforløbet foretager processuelle skridt ved at afbryde fristen for tilbagebetaling af udbytteskat eller kræver sikkerhedsstillelse efter **KSL § 69 B**, eller
- beregner renten af et krav på tilbagebetaling af udbytteskat efter **KSL § 69 B**,

og den skattepligtige ikke er enig heri, skal SKAT i hvert enkelt tilfælde træffe en afgørelse med krav til begrundelse og klagevejledning efter **FVL §§ 22-26**. Se afsnit **A.A.7.4.5** og **A.A.7.4.9**.

Den skattepligtige kan påklage SKATs afgørelse til Landsskatteretten. Se afsnit **A.A.10.1**.

Ved SKATs afgørelse om det materielle grundlag for tilbagebetaling af udbytteskat efter **KSL § 67** skal der som følge af **SFL § 19, stk. 5, nr. 3**, ikke udarbejdes sagsfremstilling mv., fordi klager over afgørelser efter **KSL § 67, stk. 1-5**, er omfattet af **BEK nr. 1200 af 14. december 2011 nr. 61**. Se afsnit **A.A.7.4.6**.

Ved SKATs afgørelse om processuelle skridt i form af

- afbrydelse af fristen for tilbagebetaling af udbytteskat eller krav om sikkerhedsstillelse efter **KSL § 69 B**, eller
- afgørelse om beregning af renten af et krav på tilbagebetaling af udbytteskat efter **KSL § 69 B**,

skal der ske forudgående partshøring og udarbejdes sagsfremstilling mv. efter **SFL § 19, stk. 1-4**, eller **SFL § 20**, fordi klager over afgørelser efter **KSL § 69 B** ikke er omfattet af **BEK nr. 1200 af 14. december 2011 § 1**. Se afsnit **A.A.7.4.5** og **A.A.7.4.6**.

| Dato for offentliggørelse | 24 Jan 2013 07:20 |
|---|---|



# A.B.4.1.4.2 Tilbagebetaling af udbytteskat til fuldt og begrænset skattepligtige

| | |
|---|---|
| **Version** | 2013-2 |
| **ISBN-nummer** | 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-675-2 |
| **Resumé** | SKAT ajourfører Den juridiske vejledning to gange årligt - i januar og juli. |
| | Vejledningen giver udtryk for SKATs opfattelse af gældende praksis og har cirkulærestatus. |
| | Se også vejledningen "**Om Skatteministeriets juridiske vejledninger 2013-2**", som er et forord til Den juridiske vejledning. |
| | Alle de tidligere juridiske vejledninger er placeret i "**Se tidligere vejledninger**". |
| **Tryksted** | Vejledningen er ikke trykt - findes kun på skat.dk |
| **Dokument type** | Juridisk vejledning |

# Indhold

Dette afsnit handler om tilbagebetaling af udbytteskat, der er indeholdt og betalt til Danmark.

Afsnittet indeholder:

- Generelle betingelser for tilbagebetaling af udbytte og udbytteskat
- Tilbagebetaling af udbytteskat til fuldt skattepligtige personer
- Tilbagebetaling af udbytteskat til begrænset eller ikke-skattepligtige
- Afbrydelse af fristen for tilbagebetaling af udbytte-, rente- og royaltyskat.

## Generelle betingelser for tilbagebetaling af udbytte og udbytteskat

Hvis et vedtaget udbyttet ikke hæves, giver det ikke selskabet ret til at få udbyttet tilbagebetalt, og det giver heller ikke aktionæren eller andelshaveren ret til at få udbetalt udbytteskatten i et videre omfang end fastsat i **KSL § 67**. Se **KSL § 66, stk. 3**.

Enhver, der hæver eller får godskrevet udbytte, og som på fyldestgørende måde godtgør sin identitet, kan kræve, at den, der udbetaler eller godskriver udbyttet, samtidig attesterer den stedfundne udbetaling eller godsskrivning. Se **KSL § 67, stk. 4**.

Den, der efter **KSL § 67, stk. 4**, attesterer et godskrevet eller udbetalt udbytte overfor modtageren, skal som formkrav oplyse om:

- Udbyttemodtagerens navn, adresse og CPR-nummer, CVR-nummer eller SE-nummer
- Det udloddende selskabs navn og CVR-nummer eller SE-nummer
- Dato for vedtagelsen af udbytteudbetalingen.
- Størrelsen af det udbetalte udbytte og om
  - der indeholdes med 27 pct. efter **KSL § 65, stk. 1, 7 eller 9**,
  - der indeholdes med 25 pct. efter **KSL § 65, stk. 6**, og **KSLbek § 33**, eller
  - der indeholdes med 15 pct. efter **KSL § 65, stk. 11**, og **KSLbek § 34**.
  - Efter hvilket nr. i **KSLbek § 31**, der er undladt indeholdelse af udbytteskat.

Se **KSLbek § 35**.

## Tilbagebetaling af udbytteskat til fuldt skattepligtige personer

## Tilbagebetaling af udbytteskat til fysiske personer, der er fuldt skattepligtige til Danmark

Hvis en fysisk person, der er fuldt skattepligtig i Danmark efter **KSL § 1**, erhverver ret til udbytte, hvori der efter **KSL § 65** er indeholdt udbytteskat, modregnes udbytteskatten i den skattepligtiges slutskat efter **KSL § 60, stk. 1, litra d**. Hvis den indeholdte udbytteskat er en endelig betaling af skatten efter **PSL § 8 a, stk. 1**, indgår beløbet ikke i slutskatten, og der sker ikke modregning efter **KSL § 60, stk. 1, litra d**. Se **KSL § 67, stk. 1**.

For en fysisk person, der er fuldt skattepligtig til Danmark efter **KSL § 1, stk. 1**, udbetales udbytteskat, der ikke kan modregnes i slutskatten, og som ikke er endelig efter **PSL § 8 a, stk. 1**, som overskydende skat efter **KSL § 62 C**. Hvis udbyttemodtageren ikke er omfattet af **KSL § 1, stk. 1**, udbetales beløbet kun, hvis det udgør 25 kr. eller derover. Se **KSL § 67, stk. 5**.

## Tilbagebetaling af udbytteskat til juridiske personer, der er fuldt skattepligtige til Danmark

Hvis en juridisk person, der er fuldt skattepligtig til Danmark efter **SEL § 1** eller efter **fondsbeskatningsloven**, erhverver ret til udbytte, hvori der efter **KSL § 65** er indeholdt udbytteskat, modregnes udbytteskatten i den indkomstskat, som den skattepligtige skal betale for det indkomstår, hvor udbyttet er erhvervet. Se **KSL § 67, stk. 2**.

Hvis der for en juridisk person, der er fuldt skattepligtig til Danmark efter **SEL § 1** eller efter **fondsbeskatningsloven**, er indeholdt udbytteskat, men udbyttet er fritaget for indeholdelse af udbytteskat efter regler, der er fastsat efter **KSL § 65, stk. 3**, kan udbyttemodtageren søge og få det indeholdte beløb udbetalt. Der udbetales ikke godtgørelse eller renter ved udbetalingen. Se **KSL § 67, stk. 6**, ændret ved **lov nr. 433 af 16. maj 2012.**

Hvis en udbyttemodtager, som ved udlodning af udbytte opfylder betingelserne for, at der ikke skal indeholdes udbytteskat, men hvor der er fejlagtigt er indeholdt udbytteskat, kan udbyttemodtageren få tilbagebetalt den indeholdte udbytteskat fra SKAT. Ansøgning om tilbagebetaling skal være SKAT i hænde senest to måneder fra tidspunktet for vedtagelsen af udbyttet.

Foreninger, institutioner mv., der er omfattet af **SEL § 1, stk. 1, nr. 6**, eller **SEL § 3, stk. 1**, og som er undtaget fra skattepligt, bortset fra investeringsselskaber efter **SEL § 3, stk. 1, nr. 19**, samt fremmede stater, kan ansøge SKAT om udbetaling af eventuelt indeholdt udbytteskat. SKAT tilbagebetaler udbytteskatten, hvis der sendes frikort og anden dokumentation for kravet på tilbagebetaling af den indeholdte udbytteskat.

Se **KSLbek § 32**, der henviser til **KSLbek § 31, stk. 1, nr. 3-6, og stk. 2, nr. 1-2, samt stk. 4 og 5**.

# Tilbagebetaling af udbytteskat til begrænset eller ikke-skattepligtige

## Tilbagebetaling, nedsættelse eller bortfald af udbytteskat for begrænset eller ikke-skattepligtige

Den, der ikke er fuldt eller begrænset skattepligtig til Danmark, og som erhverver ret til udbytte, hvori der efter **KSL § 65** er indeholdt udbytteskat, kan ansøge SKAT om at få tilbagebetalt beløbet, der svarer til udbytteskatten.

Danmark skal frafalde eller lempe beskatningen af udbytte fra kilder her i landet efter en række dobbeltbeskatningsoverenskomster, som Danmark har indgået, og som indeholder regler, der svarer til artikel 10 i OECD's modeloverenskomst. Det kan ske enten ved

- helt eller delvis tilbagebetaling af indeholdt udbytteskat, eller ved
- at udbytteskat nedsættes eller bortfalder for personer, hjemmehørende i visse fremmede stater.

## Tilbagebetaling af dansk udbytteskat på baggrund af udbyttemodtagerens ansøgning til SKAT

Hvis det udbyttebetalende selskab har indeholdt 27 pct. i udbytte, selvom aktionæren er hjemmehørende i en fremmed stat, hvor Danmark efter overenskomsten helt eller delvist har givet afkald på retten til at beskatte udbytte her fra landet, kan udbyttemodtageren søge udbytteskatten tilbagebetalt hos SKAT. Se afsnit **C.F.3.1.7** om begrænset skattepligt til Danmark af indkomst ved udbytter.

1/20/2021                  Udskrift af A.B.4.1.4.2 Tilbagebetaling af udbytteskat til fuldt og begrænset skattepligtige [2013-2]

# Bortfald eller nedsættelse af udbytteskat for fysiske personer efter ordning med Værdipapircentralen

Hvis udbyttemodtageren dokumenterer at være hjemmehørende i Færøerne, Grønland eller en fremmed stat, som Danmark har indgået dobbeltbeskatningsoverenskomst med, nedsættes indeholdelsesprocenten eller bortfalder indeholdelsen af udbytteskat efter overenskomsten umiddelbart ved udbyttets udbetaling eller godskrivning, når udbyttemodtageren indgiver den fornødne dokumentation efter en ordning, der er aftalt mellem SKAT og Værdipapircentralen.

- Uanset ordningen efter ordlyden af **BEK nr. 1442 af 20. december 2005 om indeholdelse af udbytteskat og royaltyskat**
  - potentielt kunne omfatte begrænset skattepligtige juridiske personerordningen skattepligtige juridiske personer efter **SEL § 2, stk. 1, litra c,**
  - dog ikke modtagere af udbytte af datterselskabsaktier eller koncernselskabsaktier efter **KSLbek § 31, stk. 1, nr. 2,**
- anvendes ordningen i praksis kun for udbytte fra kilder i Danmark, der udloddes til begrænset skattepligtige fysiske personer efter **KSL § 2, stk. 1, nr. 6,**
- som efter en dobbeltbeskatningsoverenskomst, indgået med Danmark, er hjemmehørende i

- Belgien,
- Canada,
- Det Forenede Kongerige Storbritannien og Nordirland,
- Finland,
- Grækenland,
- Irland,
- Luxembourg,
- Nederlandene,
- Schweiz,
- Sverige,
- Tyskland eller
- USA.

Udbyttemodtageren skal aflevere dokumentation for, hvilken dobbeltbeskatningsoverenskomst modtageren er omfattet af, til

- det udbyttebetalende selskab eller
- det danske pengeinstitut, der fører udbyttemodtagerens depot i Værdipapircentralen.

Dokumentation skal foreligge på en blanket, der er udformet af SKAT, og skal fornys hvert 5. år.

Se **§ 1 i BEK nr. 1442 af 20. december 2005 om indeholdelse af udbytteskat og royaltyskat**.

# Nettoindeholdelse af udbytteskat for fysiske personer, der er hovedaktionærer i danske selskaber

## Tilladelse til nettoindeholdelse af udbytteskat

For skattepligtige udbyttemodtagere, som er hjemmehørende i en fremmed stat, Færøerne eller Grønland, med hvem Danmark har indgået en dobbeltbeskatningsoverenskomst, kan det udloddende selskab efter aftale med SKAT opnå en tilladelse til nettoindeholdelse af udbytte efter **§ 1, stk. 1, i BEK nr. 1442 af 20. december 2005 om indeholdelse af udbytteskat og royaltyskat**.

## Omfattet af nettoindeholdelsesordningen

Muligheden for at opnå nettoindeholdelse gælder i tilfælde, hvor udbyttemodtageren er hovedaktionær omfattet af **KSL § 2, stk. 1, nr. 6,** dvs. en begrænset skattepligtig fysisk person, der ejer 25 pct. eller mere af aktiekapitalen eller råder over mere end 50 pct. af stemmeværdien i et selskab, der er omfattet af **SEL § 1, stk. 1, nr. 1**.

## Hvem kan ansøge om nettoindeholdelse

Det er selskaber omfattet af **SEL § 1, stk. 1, nr. 1,** der kan ansøge om tilladelse til at foretage nettoindeholdelse, dvs. aktie- og anpartsselskaber.

## Betingelser for tilladelsen

Følgende betingelser skal være opfyldt og dokumenteret for, at selskaber kan opnå tilladelse til en nettoindeholdelse:

- Udbyttemodtageren skal være omfattet af **KSL § 2, stk. 1, nr. 6**, dvs. en begrænset skattepligtig fysisk person.
- Udbyttemodtageren skal eje 25 pct. eller mere af aktiekapitalen eller råde over mere end 50 pct. af stemmeværdien i et udloddende selskab, der er omfattet af **SEL § 1, stk. 1, nr. 1**.
- Udbyttemodtageren skal være hjemmehørende i en fremmed stat, Færøerne eller Grønland, med hvem Danmark har indgået en dobbeltbeskatningsoverenskomst.
- Der skal sendes dokumentation til SKAT om, hvilket land udbyttemodtageren er hjemmehørende i (hjemstedserklæring).

Hvis udbyttemodtageren er hovedaktionær i flere selskaber, skal der sendes en ansøgning med tilhørende dokumentation for hvert enkelt selskab.

## Tilladelsens modtager

Tilladelse til nettoindeholdelse, udstedes til det udloddende selskab. Det påhviler til enhver tid det udloddende selskab at sikre, at betingelserne for tilladelsen er opfyldt. Er en eller flere af betingelserne ikke længere opfyldt, skal SKAT underrettes hurtigst muligt.

Tilsidesætter det udloddende selskab sin pligt til at sikre, at betingelserne er opfyldt, anvendes reglerne i **KSL § 69** om hæftelse for manglende indeholdt udbytteskat.

## Tilladelsens varighed

Tilladelsen gives for en periode på 5 år gældende fra tidspunktet for udstedelsen.

## Ophør før udløb

En tilladelse til nettoindeholdelse kan ophøre før udløb i følgende situationer:

- Hvis udbyttemodtageren ikke længere opfylder hovedaktionærbetingelsen.
- Hvis udbyttemodtageren ikke længere kan anses for hjemmehørende i det aftaleland tilladelsen knytter sig til.
- Hvis dobbeltbeskatningsoverenskomsten med det land, udbyttemodtageren er hjemmehørende i, opsiges.
- Hvis det udbyttebetalende selskab likvideres, ophører eller af andre årsager bliver skattemæssigt hjemmehørende i udlandet.

## Virkning af ophør før udløb

Såfremt en eller flere af ovenstående situationer opstår, bortfalder tilladelsen med virkning fra det tidspunkt, hvor en eller flere af betingelserne ikke længere er opfyldt.

Der kan ansøges om en ny tilladelse, såfremt der sendes en ny anmodning til SKAT, hvor samtlige betingelser er opfyldt.

# Afbrydelse af fristen for tilbagebetaling af udbytte-, rente- og royaltyskat

Hvis en fysisk eller juridisk person, der er begrænset skattepligtig til Danmark efter **KSL § 2** eller **SEL § 2**, har modtaget udbytte, hvori der efter **KSL §§ 65-65 A** er indeholdt kildeskat, som overstiger den endelige skat efter en dobbeltbeskatningsoverenskomst eller direktiv 2011/96/EU om en fælles beskatningsordning for moder- og datterselskaber fra forskellige medlemsstater, tilbagebetaler SKAT beløbet inden 6 måneder fra SKATs modtagelse af ansøgning om tilbagebetaling.

Sker tilbagebetaling efter dette tidspunkt, tilkommer der den skattepligtige en rente, der svarer til renten efter **OPKL § 7, stk. 2**, med tillæg af 0,4 procentpoint pr. påbegyndt måned.

Hvis SKAT pga. modtagerens forhold ikke kan kontrollere, om betingelserne for tilbagebetaling af kildeskat er opfyldt, afbrydes 6-måneders-tilbagebetalingsfristen, indtil modtagerens forhold ikke længere hindrer kontrol.

Hvis SKAT finder, at udbetaling på det foreliggende grundlag vil indebære en nærliggende risiko for provenutab af skat, kan SKAT kræve, at modtageren stiller sikkerhed. SKAT kan dog kun kræve sikkerhedsstillelse, hvis kravet om indeholdelse af kildeskat er omtvistet og ikke er endeligt afgjort ved en administrativ klageinstans eller domstolene. Se **KSL § 69 B**, indsat ved **lov nr. 591 af 18. juni 2012**.

Reglerne om tilbagebetaling af dansk kildeskat af både udbytte, royalties og renter til begrænset skattepligtige, herunder forrentningen af tilbagebetalingskrav efter udløbet af 6-måneders-tilbagebetalingsfristen, efter **KSL § 69 B**, svarer i store træk til det, der gælder ved tilbagebetaling af negativt tilsvar af skatter og afgifter efter **OPKL § 12.**

## Bemærk

Bemærk

Hvis SKAT

- ikke fuldt ud imødekommer en ansøgning fra en skattepligtig om at få tilbagebetalt kildeskat af udbytte efter **KSL § 67**,
- undervejs i sagsforløbet foretager processuelle skridt ved at afbryde fristen for tilbagebetaling af udbytteskat eller kræver sikkerhedsstillelse efter **KSL § 69 B**, eller
- beregner renten af et krav på tilbagebetaling af udbytteskat efter **KSL § 69 B**,

og den skattepligtige ikke er enig heri, skal SKAT i hvert enkelt tilfælde træffe en afgørelse med krav til begrundelse og klagevejledning efter **FVL §§ 22-26**. Se afsnit **A.A.7.4.5** og **A.A.7.4.9**.

Den skattepligtige kan påklage SKATs afgørelse til Landsskatteretten. Se afsnit **A.A.10.1**.

Ved SKATs afgørelse om det materielle grundlag for tilbagebetaling af udbytteskat efter **KSL § 67** skal der som følge af **SFL § 19, stk. 5, nr. 3**, ikke udarbejdes sagsfremstilling mv., fordi klager over afgørelser efter **KSL § 67, stk. 1-5**, er omfattet af **BEK nr. 1200 af 14. december 2011 nr. 61**. Se afsnit **A.A.7.4.6**.

Ved SKATs afgørelse om processuelle skridt i form af

- afbrydelse af fristen for tilbagebetaling af udbytteskat eller krav om sikkerhedsstillelse efter **KSL § 69 B**, eller
- afgørelse om beregning af renten af et krav på tilbagebetaling af udbytteskat efter **KSL § 69 B**,

skal der ske forudgående partshøring og udarbejdes sagsfremstilling mv. efter **SFL § 19, stk. 1-4**, eller **SFL § 20**, fordi klager over afgørelser efter **KSL § 69 B** ikke er omfattet af **BEK nr. 1200 af 14. december 2011 § 1**. Se afsnit **A.A.7.4.5** og **A.A.7.4.6**.

| Dato for offentliggørelse | 15 Jul 2013 07:54 |
| --- | --- |



# A.B.4.1.4.2 Tilbagebetaling af udbytteskat til fuldt og begrænset skattepligtige

| Version | 2014-1 |
|---|---|
| **ISBN-nummer** | 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-749-0 |
| **Resumé** | - |
| **Tryksted** | Vejledningen er ikke trykt - findes kun på skat.dk |
| **Dokument type** | Juridisk vejledning |

# Indhold

Dette afsnit handler om tilbagebetaling af udbytteskat, der er indeholdt og betalt til Danmark.

Afsnittet indeholder:

- Generelle betingelser for tilbagebetaling af udbytte og udbytteskat
- Tilbagebetaling af udbytteskat til fuldt skattepligtige personer
- Tilbagebetaling af udbytteskat til begrænset eller ikke-skattepligtige
- Afbrydelse af fristen for tilbagebetaling af udbytte-, rente- og royaltyskat
- Hvis SKAT helt eller delvist afslår at tilbagebetale udbytteskat, herunder renter.

# Generelle betingelser for tilbagebetaling af udbytte og udbytteskat

Hvis et vedtaget udbyttet ikke hæves, giver det ikke selskabet ret til at få udbyttet tilbagebetalt, og det giver heller ikke aktionæren eller andelshaveren ret til at få udbetalt udbytteskatten i et videre omfang end fastsat i **KSL § 67**. Se **KSL § 66, stk. 3**.

Enhver, der hæver eller får godskrevet udbytte, og som på fyldestgørende måde godtgør sin identitet, kan kræve, at den, der udbetaler eller godskriver udbyttet, samtidig attesterer den stedfundne udbetaling eller godsskrivning. Se **KSL § 67, stk. 4**.

Den, der efter **KSL § 67, stk. 4**, attesterer et godskrevet eller udbetalt udbytte overfor modtageren, skal som formkrav oplyse om:

- Udbyttemodtagerens navn, adresse og cpr-nr., cvr-nr. eller SE-nr.

- Det udloddende selskabs navn og cvr-nr. eller SE-nr.

- Dato for vedtagelsen af udbytteudbetalingen.

- Størrelsen af det udbetalte udbytte og om
    - der indeholdes med 27 pct. efter **KSL § 65, stk. 1, 7 eller 9**,
    - der indeholdes med 22 pct. efter **KSL § 65, stk. 6**, og **KSLbek § 33**, eller
    - der indeholdes med 15 pct. efter **KSL § 65, stk. 11**, og **KSLbek § 34**.
    - Efter hvilket nr. i **KSLbek § 31**, der er undladt indeholdelse af udbytteskat.

 Se **KSLbek § 35**.

### Bemærk

Den nedsatte udbyttesats efter **KSL § 65, stk. 6** (tidl. stk. 7, der blev stk. 6, ved **lov nr. 433 af 16. maj 2012**) blev med virkning for udbytte, der udloddes den 1. januar 2014 eller senere, nedsat fra 25 til 22 pct. ved **lov nr. 792 af 28. juni 2013**.

# Tilbagebetaling af udbytteskat til fuldt skattepligtige personer

## Tilbagebetaling af udbytteskat til fysiske personer, der er fuldt skattepligtige til Danmark

Hvis en fysisk person, der er fuldt skattepligtig til Danmark efter **KSL § 1**, erhverver ret til udbytte, hvori der efter **KSL § 65** er indeholdt udbytteskat, modregnes udbytteskatten i den skattepligtiges slutskat efter **KSL § 60, stk. 1, litra d**. Hvis den indeholdte udbytteskat er en endelig betaling af skatten efter **PSL § 8 a, stk. 1**, indgår beløbet ikke i slutskatten, og der sker ikke modregning efter **KSL § 60, stk. 1, litra d**. Se **KSL § 67, stk. 1**.

For en fysisk person, der er fuldt skattepligtig til Danmark efter **KSL § 1, stk. 1**, udbetales udbytteskat, der ikke kan modregnes i slutskatten, og som ikke er endelig efter **PSL § 8 a, stk. 1**, som overskydende skat efter **KSL § 62 C**. Hvis udbyttemodtageren ikke er omfattet af **KSL § 1, stk. 1**, udbetales beløbet kun, hvis det udgør 25 kr. eller derover. Se **KSL § 67, stk. 5**.

## Tilbagebetaling af udbytteskat til juridiske personer, der er fuldt skattepligtige til Danmark

Hvis en juridisk person, der er fuldt skattepligtig til Danmark efter **SEL § 1** eller efter **fondsbeskatningsloven**, erhverver ret til udbytte, hvori der efter **KSL § 65** er indeholdt udbytteskat, modregnes udbytteskatten i den indkomstskat, som den skattepligtige skal betale for det indkomstår, hvor udbyttet er erhvervet. Se **KSL § 67, stk. 2**.

Hvis der for en juridisk person, der er fuldt skattepligtig til Danmark efter **SEL § 1** eller efter **fondsbeskatningsloven**, er indeholdt udbytteskat, men udbyttet er fritaget for indeholdelse af udbytteskat efter regler, der er fastsat efter **KSL § 65, stk. 3**, kan udbyttemodtageren søge og få det indeholdte beløb udbetalt. Der udbetales ikke godtgørelse eller renter ved udbetalingen. Se **KSL § 67, stk. 6**, ændret ved **lov nr. 433 af 16. maj 2012.**

Hvis en udbyttemodtager, som ved udlodning af udbytte opfylder betingelserne for, at der ikke skal indeholdes udbytteskat, men hvor der fejlagtigt er indeholdt udbytteskat, kan udbyttemodtageren få tilbagebetalt den indeholdte udbytteskat fra SKAT. Ansøgning om tilbagebetaling skal være SKAT i hænde senest to måneder fra tidspunktet for vedtagelsen af udbyttet.

Foreninger, institutioner mv., der er omfattet af **SEL § 1, stk. 1, nr. 6**, eller **SEL § 3, stk. 1**, og som er undtaget fra skattepligt, bortset fra investeringsselskaber efter **SEL § 3, stk. 1, nr. 19**, samt fremmede stater, kan ansøge SKAT om udbetaling af eventuelt indeholdt udbytteskat. SKAT tilbagebetaler udbytteskatten, hvis der sendes frikort og anden dokumentation for kravet på tilbagebetaling af den indeholdte udbytteskat.

Se **KSLbek § 32**, der henviser til **KSLbek § 31, stk. 1, nr. 3-6, og stk. 2, nr. 1-2, samt stk. 4 og 5**.

# Tilbagebetaling af udbytteskat til begrænset eller ikke-skattepligtige

## Tilbagebetaling, nedsættelse eller bortfald af udbytteskat for begrænset eller ikke-skattepligtige

Den, der ikke er fuldt eller begrænset skattepligtig til Danmark, og som erhverver ret til udbytte, hvori der efter **KSL § 65** er indeholdt udbytteskat, kan ansøge SKAT om at få tilbagebetalt beløbet, der svarer til udbytteskatten.

Danmark skal frafalde eller lempe beskatningen af udbytte fra kilder her i landet efter en række dobbeltbeskatningsoverenskomster, som Danmark har indgået, og som indeholder regler, der svarer til artikel 10 i OECD's modeloverenskomst. Det kan ske enten ved

- helt eller delvis tilbagebetaling af indeholdt udbytteskat, eller ved
- at udbytteskat nedsættes eller bortfalder for personer, hjemmehørende i visse fremmede stater.

## Tilbagebetaling af dansk udbytteskat på baggrund af udbyttemodtagerens ansøgning til SKAT

Hvis det udbyttebetalende selskab har indeholdt 27 pct. i udbytte, selvom aktionæren er hjemmehørende i en fremmed stat, hvor Danmark efter overenskomsten helt eller delvist har givet afkald på retten til at beskatte udbytte her fra landet, kan udbyttemodtageren søge udbytteskatten tilbagebetalt hos SKAT. Se afsnit **C.F.3.1.7** om begrænset skattepligt til Danmark af indkomst ved udbytter.

## Bortfald eller nedsættelse af udbytteskat for fysiske personer efter ordning med Værdipapircentralen

Hvis udbyttemodtageren dokumenterer at være hjemmehørende i Færøerne, Grønland eller en fremmed stat, som Danmark har indgået dobbeltbeskatningsoverenskomst med, nedsættes indeholdelsesprocenten eller bortfalder indeholdelsen af udbytteskat efter overenskomsten umiddelbart ved udbyttets udbetaling eller godskrivning, når udbyttemodtageren indgiver den fornødne dokumentation efter en ordning, der er aftalt mellem SKAT og Værdipapircentralen.

- Uanset ordningen efter ordlyden af **BEK nr. 1442 af 20. december 2005 om indeholdelse af udbytteskat og royaltyskat**
  - potentielt kunne omfatte begrænset skattepligtige juridiske personerordningen skattepligtige juridiske personer efter **SEL § 2, stk. 1, litra c,**
  - dog ikke modtagere af udbytte af datterselskabsaktier eller koncernselskabsaktier efter **KSLbek § 31, stk. 1, nr. 2,**
- anvendes ordningen i praksis kun for udbytte fra kilder i Danmark, der udloddes til begrænset skattepligtige fysiske personer efter **KSL § 2, stk. 1, nr. 6,**
- som efter en dobbeltbeskatningsoverenskomst, indgået med Danmark, er hjemmehørende i

- Belgien,
- Canada,
- Det Forenede Kongerige Storbritannien og Nordirland,
- Finland,
- Grækenland,
- Irland,
- Luxembourg,
- Nederlandene,
- Schweiz,
- Sverige,
- Tyskland eller
- USA.

Udbyttemodtageren skal aflevere dokumentation for, hvilken dobbeltbeskatningsoverenskomst modtageren er omfattet af, til

- det udbyttebetalende selskab eller
- det danske pengeinstitut, der fører udbyttemodtagerens depot i Værdipapircentralen.

Dokumentation skal foreligge på en blanket, der er udformet af SKAT, og skal fornys hvert 5. år.

Se **§ 1 i BEK nr. 1442 af 20. december 2005 om indeholdelse af udbytteskat og royaltyskat**.

## Nettoindeholdelse af udbytteskat for fysiske personer, der er hovedaktionærer i danske selskaber

### Tilladelse til nettoindeholdelse af udbytteskat

For skattepligtige udbyttemodtagere, som er hjemmehørende i en fremmed stat, Færøerne eller Grønland, med hvem Danmark har indgået en dobbeltbeskatningsoverenskomst, kan det udloddende selskab efter aftale med SKAT opnå en tilladelse til nettoindeholdelse af kildeskat af udbytte efter **§ 1, stk. 1, i BEK nr. 1442 af 20. december 2005 om indeholdelse af udbytteskat og royaltyskat**.

## Omfattet af nettoindeholdelsesordningen

Muligheden for at opnå nettoindeholdelse gælder i tilfælde, hvor udbyttemodtageren er hovedaktionær omfattet af **KSL § 2, stk. 1, nr. 6**, dvs. en begrænset skattepligtig fysisk person, der ejer 25 pct. eller mere af aktiekapitalen eller råder over mere end 50 pct. af stemmeværdien i et selskab, der er omfattet af **SEL § 1, stk. 1, nr. 1**.

## Hvem kan ansøge om nettoindeholdelse

Det er selskaber omfattet af **SEL § 1, stk. 1, nr. 1**, der kan ansøge om tilladelse til at foretage nettoindeholdelse, dvs. aktie- og anpartsselskaber.

## Betingelser for tilladelsen

Følgende betingelser skal være opfyldt og dokumenteret for, at selskaber kan opnå tilladelse til en nettoindeholdelse:

- Udbyttemodtageren skal være omfattet af **KSL § 2, stk. 1, nr. 6**, dvs. en begrænset skattepligtig fysisk person.

- Udbyttemodtageren skal eje 25 pct. eller mere af aktiekapalen eller råde over mere end 50 pct. af stemmeværdien i et udloddende selskab, der er omfattet af **SEL § 1, stk. 1, nr. 1**.

- Udbyttemodtageren skal være hjemmehørende i en fremmed stat, Færøerne eller Grønland, med hvem Danmark har indgået en dobbeltbeskatningsoverenskomst.

- Der skal sendes dokumentation til SKAT om, hvilket land udbyttemodtageren er hjemmehørende i (hjemstedserklæring).

Hvis udbyttemodtageren er hovedaktionær i flere selskaber, skal der sendes en ansøgning med tilhørende dokumentation for hvert enkelt selskab.

## Tilladelsens modtager

Tilladelse til nettoindeholdelse, udstedes til det udloddende selskab. Det påhviler til enhver tid det udloddende selskab at sikre, at betingelserne for tilladelsen er opfyldt. Er en eller flere af betingelserne ikke længere opfyldt, skal SKAT underrettes hurtigst muligt.

Tilsidesætter det udloddende selskab sin pligt til at sikre, at betingelserne er opfyldt, anvendes reglerne i **KSL § 69** om hæftelse for manglende indeholdt udbytteskat.

## Tilladelsens varighed

Tilladelsen gives for en periode på 5 år gældende fra tidspunktet for udstedelsen.

## Ophør før udløb

En tilladelse til nettoindeholdelse kan ophøre før udløb i følgende situationer:

- Hvis udbyttemodtageren ikke længere opfylder hovedaktionærbetingelsen.

- Hvis udbyttemodtageren ikke længere kan anses for hjemmehørende i det aftaleland tilladelsen knytter sig til.

- Hvis dobbeltbeskatningsoverenskomsten med det land, udbyttemodtageren er hjemmehørende i, opsiges.

- Hvis det udbyttebetalende selskab likvideres, ophører eller af andre årsager bliver skattemæssigt hjemmehørende i udlandet.

## Virkning af ophør før udløb

Såfremt en eller flere af ovenstående situationer opstår, bortfalder tilladelsen med virkning fra det tidspunkt, hvor en eller flere af betingelserne ikke længere er opfyldt.

Der kan ansøges om en ny tilladelse, såfremt der sendes en ny ansøgning til SKAT, hvor samtlige betingelser er opfyldt.

# Afbrydelse af fristen for tilbagebetaling af udbytte-, rente- og royaltyskat

Hvis en fysisk eller juridisk person, der er begrænset skattepligtig til Danmark efter **KSL § 2** eller **SEL § 2**, har modtaget udbytte, hvori der efter **KSL §§ 65-65 A** er indeholdt kildeskat, som overstiger den endelige skat efter en dobbeltbeskatningsoverenskomst eller direktiv 2011/96/EU om en fælles beskatningsordning for moder- og datterselskaber fra forskellige medlemsstater, tilbagebetaler SKAT beløbet inden 6 måneder fra SKATs modtagelse af ansøgning om tilbagebetaling.

Sker tilbagebetaling efter dette tidspunkt, tilkommer der den skattepligtige en rente, der svarer til renten efter **OPKL § 7, stk. 2**, med tillæg af 0,4 procentpoint pr. påbegyndt måned.

Hvis SKAT pga. modtagerens forhold ikke kan kontrollere, om betingelserne for tilbagebetaling af kildeskat er opfyldt, afbrydes 6-måneders-tilbagebetalingsfristen, indtil modtagerens forhold ikke længere hindrer kontrol.

Hvis SKAT finder, at udbetaling på det foreliggende grundlag vil indebære en nærliggende risiko for provenutab af skat, kan SKAT kræve, at modtageren stiller sikkerhed. SKAT kan dog kun kræve sikkerhedsstillelse, hvis kravet om indeholdelse af kildeskat er omtvistet og ikke er endeligt afgjort ved en administrativ klageinstans eller domstolene. Se KSL § 69 B, indsat ved **lov nr. 591 af 18. juni 2012**.

Reglerne om tilbagebetaling af dansk kildeskat af både udbytte, royalties og renter til begrænset skattepligtige, herunder forrentningen af tilbagebetalingskrav efter udløbet af 6-måneders-tilbagebetalingsfristen, efter KSL § 69 B, svarer i store træk til det, der gælder ved tilbagebetaling af negativt tilsvar af skatter og afgifter efter **OPKL § 12**.

# Hvis SKAT helt eller delvist afslår at tilbagebetale udbytteskat, herunder renter

- Hvis SKAT helt eller delvist afslår en ansøgning fra en skattepligtig om at få tilbagebetalt kildeskat af udbytte efter **KSL § 67**,
  - herunder hvis SKAT undervejs i sagsforløbet afbryder fristen for tilbagebetaling eller kræver sikkerhedsstillelse efter KSL § 69 B,
- skal SKAT for hvert enkelt af det eller de berørte punkter træffe en afgørelse med krav til begrundelse og klagevejledning efter **FVL §§ 22-26**.

- Hvis SKAT imødekommer, at en skattepligtig har krav på at få tilbagebetalt kildeskat af udbytte efter **KSL § 67**,
  - men SKAT helt eller delvist afslår, at der skal ske forrentning af tilbagebetalingskravets hovedstol efter KSL § 69 B, eller
  - SKAT foretager en nærmere beregning af et ellers anerkendt krav på rente efter KSL § 69 B, og den skattepligtige ikke er enig i beregningen,
- skal SKAT tilsvarende for hvert enkelt af det eller de berørte punkter træffe en afgørelse med krav til begrundelse og klagevejledning efter **FVL §§ 22-26**.

Se afsnit **A.A.7.4.5**, **A.A.7.4.6**, **A.A.7.4.7**, **A.A.7.4.8** og **A.A.7.4.9**.

- Ved SKATs afgørelse om det materielle grundlag for tilbagebetaling af udbytteskat efter **KSL § 67, stk. 1-5**,
- kan SKAT træffe en endelig afgørelse uden at skulle udarbejde sagsfremstilling mv.,
  - fordi afgørelsen er omfattet af **SFL § 19, stk. 5, nr. 4** (tidl. nr. 3, ændret til nr. 4 ved **lov nr. 649 af 12. juni 2013**),
  - i sammenhæng med **BEK nr. 1 af 2. januar 2014 om afgørelse af visse klager i Skatteankestyrelsen § 1, nr. 60**.

- Ved SKATs afgørelse om
  - afbrydelse af fristen for tilbagebetaling af udbytteskat eller krav om sikkerhedsstillelse efter KSL § 69 B, eller
  - afgørelse om beregning af renten af et krav på tilbagebetaling efter KSL § 69 B,
- skal der ske forudgående partshøring og udarbejdes sagsfremstilling mv. efter **SFL § 19, stk. 1-4**, eller **SFL § 20**,
  - fordi klager over afgørelser efter KSL § 69 B ikke er omfattet af **BEK nr. 1 af 2. januar 2014 om afgørelse af visse klager i Skatteankestyrelsen § 1**.

- Hvis SKAT træffer en afgørelse, der helt eller delvist afslår en ansøgning fra en skattepligtig om at få tilbagebetalt kildeskat af udbytte efter **KSL § 67**, herunder SKATs eventuelle delafgørelser efter KSL § 69 B om
  - afbrydelse af fristen for tilbagebetaling eller
  - renter,

- og den skattepligtige ikke er enig i SKATs afgørelse,
  - kan den skattepligtige indgive klage over SKATs afgørelse til Skatteankestyrelsen efter SFL § 4 a, indsat ved **lov nr. 649 af 12. juni 2013**.

---

Dato for
offentliggørelse

15 Jan 2014 08:08



# A.B.4.1.4.2 Tilbagebetaling af udbytteskat

| **Version** | 2020-2 |
| --- | --- |
| **ISBN-nummer** | 978-87-417-0873-7 |
| **Resumé** | - |
| **Tryksted** | Vejledningen er ikke trykt – findes kun på skat.dk |
| **Dokument type** | Juridisk vejledning |

# Indhold

Dette afsnit handler om tilbagebetaling af udbytteskat.

Afsnittet indeholder:

- Personer
- Selskaber, fonde m.fl.
- Ikke skattepligtig i Danmark
- Ikke hævet udbytteskat
- Særligt om forældelse
- Oversigt over domme, kendelser, afgørelser, SKM-meddelelser m.v.

## Personer

Hvis den skattepligtige er omfattet af **KSL § 1, stk. 1**, bliver udbytteskatten udbetalt som overskydende skat efter reglerne i **KSL § 62 C**, hvis der ikke kan modregnes i slutskatten, og hvis udbytteskatten ikke er endelig efter **PSL § 8 a**. Se **KSL § 67, stk. 5**.

Er udbyttemodtageren ikke omfattet af **KSL § 1, stk. 1**, udbetales beløbet kun kontant, hvis det udgør 25 kr. eller derover. Se **KSL § 67, stk. 5**.

## Selskaber, fonde m.fl.

Skatteministeren kan fastsætte regler for tilbagesøgning og udbetaling af det indeholdte beløb for skattepligtige efter **SEL § 1** eller **FBL**, som er fritaget for indeholdelse af udbytteskat efter **KSL § 65, stk. 3**. Se **KSL § 67, stk. 6**.

Reglerne findes i **KSLbek, kap. 9**.

Der udbetales ikke godtgørelse eller renter ved udbetalingen. Se **KSL § 67, stk. 6**.

## Ikke hævet udbytte

Det forhold, at udbyttet ikke hæves, giver ikke selskabet ret til tilbagebetaling af udbytteskatten og giver ikke aktionæren eller andelshaveren ret til at få udbytteskatten udbetalt i videre omfang end fastsat i **KSL § 67**. Se **KSL § 66, stk. 3**.

Se også **SKM2010.92.LSR**, hvor generalforsamlingen i et selskab vedtog udlodning af udbytte. Bestyrelsen besluttede efterfølgende at lade udbytteudlodningen bortfalde. Det blev anset som aktionærernes tilskud til selskabet, og den allerede betalte udbytteskat kunne derfor ikke kræves tilbagebetalt.

## Ikke skattepligtig i Danmark

Den, som har erhvervet udbytte, hvori der er indeholdt udbytteskat kan få udbetalt et beløb svarende til udbytteskatten, hvis vedkommende ikke er skattepligtig i Danmark. Se **KSL § 67, stk. 3**. Det kræver, at man søger om det. Se **KSL § 67, stk. 3**.

# Omfattet af dobbeltbeskatningsoverenskomst m.m.

Hvis man er skattepligtig efter **KSL § 2** eller **SEL § 2** og har modtaget udbytte kan man få tilbagebetalt det beløb, som den indeholdte udbytteskat overstiger den endelige skat efter en dobbeltbeskatningsoverenskomst eller direktiv 2011/96/EU om en fælles beskatningsordning for moder- og datterselskaber fra forskellige medlemsstater. Se **KSL § 69 b, stk. 1**.

Skatteforvaltningen skal udbetale beløbet inden 6 måneder fra Skatteforvaltningen har modtaget anmodningen om tilbagebetaling. Hvis Skatteforvaltningen ikke tilbagebetaler beløbet inden udbetalingsfristen, skal beløbet forrentes med en rente svarende til renten efter **OPKL § 7, stk. 2**, med tillæg af 0,4 procentpoint pr. påbegyndt måned. Se **KSL § 69 b, stk. 1**. Rentesatsen efter **OPKL § 7, stk. 2**, er omtalt i afsnit **A.B.4.6.2**.

Skatteforvaltningen kan afbryde udbetalingsfristen, hvis Skatteforvaltningen på grund af udbyttemodtagerens forhold ikke kan foretage kontrol af, om betingelserne for tilbagebetaling af den indeholdte udbytteskat er opfyldt. Se **KSL § 69 b, stk. 2**.

**SKM.2019.650.LSR**: Skattestyrelsen var berettiget til at annullere en afgørelse om refusion af udbytteskat over for en pensionsplan, hvor den fremlagte dokumentation ikke havde været tilstrækkelig.

# Særligt om forældelse

Skatteforvaltningen udsendte den 13. juni 2016 et styresignal om ændring af praksis vedrørende forældelse af krav på refusion af indeholdt udbytteskat. Forældelsesfristen for sådanne krav er fremadrettet 3 år. Se **SKM2016.263.SKAT**.

Det indebærer, at krav på refusion af indeholdt udbytteskat anses for forældet efter 5 år, hvis anmodningen om refusion er modtaget hos Skatteforvaltningen senest 3 måneder efter offentliggørelsen af styresignalet. Er anmodningen modtaget hos Skatteforvaltningen senere end 3 måneder efter offentliggørelsen af styresignalet, anses kravet på refusion af indeholdt udbytteskat for forældet efter 3 år.

Udbyttemodtagere, som endnu ikke har anmodet om refusion af indeholdt udbytteskat, og hvis krav er ældre end 3 år, har dermed 3 måneder fra offentliggørelsen af styresignalet til at gøre kravet gældende over for Skatteforvaltningen.

Krav på refusion af indeholdt udbytteskat forældes således:

- efter 5 år, hvis anmodningen om refusion af kravet er modtaget hos Skatteforvaltningen inden offentliggørelsen af styresignalet,
- efter 5 år, hvis anmodningen om refusion af kravet er modtaget hos Skatteforvaltningen i perioden fra offentliggørelsen af styresignalet og senest 3 måneder efter offentliggørelsen, og
- efter 3 år, hvis anmodningen om refusion af kravet er modtaget hos Skatteforvaltningen senere end 3 måneder efter offentliggørelsen af styresignalet.

Praksisændringen fører ikke til, at forældelsesfristen forlænges ud over de 5 år, der fulgte af hidtidig praksis. Praksisændringen berører ikke en anden forældelsesfrist følger af en dobbeltbeskatningsoverenskomst

1/20/2021                    Udskrift af A.B.4.1.4.2 Tilbagebetaling af udbytteskat [2020-2]

| Afgørelse | Afgørelsen i stikord | Yderligere kommentarer |
|---|---|---|
| **SKM2016.263.SKAT** | Styresignal om at Skatteforvaltningen ændrer praksis vedrørende forældelse af krav på refusion af indeholdt udbytteskat. Forældelsesfristen for sådanne krav er fremadrettet 3 år | |

| | |
|---|---|
| Dato for offentliggørelse | 31 Jul 2020 08:07 |

☗ | **skat**.dk

## C.B.2.1.6.1 Hvornår er en aktie anskaffet eller afstået?

| | |
|---|---|
| **Version** | 2020-1 |
| **ISBN-nummer** | 978-87-417-0568-2 |
| **Tryksted** | Vejledningen er ikke trykt - findes kun på skat.dk |
| **Dokument type** | Juridisk vejledning |

# Indhold

Dette afsnit beskriver, hvornår en aktie er anskaffet eller afstået.

Afsnittet indeholder:

- Regel
- Oversigt over afgørelser, domme, kendelser, SKAT-meddelelser med videre.

# Regel

En aktie er anskaffet eller afstået på det tidspunkt, hvor der er en endelig og bindende aftale om anskaffelsen eller afståelsen.

## Anskaffelses- og afståelsestidspunkternes betydning

Anskaffelsestidspunktet kan fx have betydning for anvendelsen af overgangsregler ved ny lovgivning.

Afståelsestidspunktet kan fx være afgørende for, i hvilket indkomstår beskatningen foretages og ved ikrafttrædelsesregler for ny lovgivning.

Når en aktionær ejer aktier med samme rettigheder, som er erhvervet på forskellige tidspunkter, anses de først erhvervede aktier for de først afståede. Se **ABL § 5**, stk. 1. Aktier, der er båndlagt efter **LL § 7 A**, regnes dog først med fra det tidspunkt, hvor båndlæggelsen ophører. Se **C.B.2.1.7.1** om hvilken aktie der anses for afstået (FIFO-princippet). Se C B.2.3.5 om gevinst og tab ved afståelse af iværksætteraktier.

# Oversigt over domme, kendelser, afgørelser SKM-meddelelser mv.

Skemaet viser relevante afgørelser på området:

| Afgørelse | Afgørelsen i stikord | Yderligere kommentarer |
|---|---|---|
| **Højesteretsdomme** | | |
| **SKM2011.533.HR** | Salg af aktier. Aftale om købe- og salgsret. Købe- eller salgsrets manglende udnyttelse usandsynlig. Afståelsestidspunkt var tidspunkt for aftalens indgåelse. | |
| **SKM2005.490.HR** | Salg af aktier. Samtidig udstedt køberet. Køberets manglende udnyttelse usandsynlig. Manglende dispositionsret i strid med køberet. Afståelsestidspunktet var tidspunkt for aftalens indgåelse. | Se også TfS 1999, 214 H i **C.B.2.1.4.12** om købe- og forkøbsretter. |

| | | |
|---|---|---|
| **SKM2001.126.HR** | Salg af aktier. Anskaffelsestidspunkt var tidspunkt for overgang af ejendomsret ved underskrevne fondsnotaer. | |
| **Byretsdomme** | | |
| **SKM2010.259.BR** | Salg af aktier. Betaling i et bestemt antal aktier et år senere eller beløb svarende til kursværdien på betalingstidspunkt. Kursrisiko var sælgers fra aftaletidspunktet. Afståelsestidspunkt var tidspunkt for aftalens indgåelse. | |
| **SKM2008.825.BR** | Salg af aktier. Ifølge depotbank sket i 2001. Uklarhed om pengeoverførsler. Aftale dateret i 2000. Afståelsestidspunkt var i 2000. | |
| **Landsskatteretskendelser** | | |
| **SKM2002.399.VLR** | Salg af aktier. Salgsret udnyttet i 1995. Uenighed om vilkår, forlængelse af salgsrets løbetid og sælgers manglende selvangivelse af salg i 1995. Afståelsestidspunkt var i 1996. | |
| **Skatterådet** | | |
| **SKM2008.831.SR** | Køb af investeringsforeningsbeviser. Handelsdatoen lægges til grund ved fastsættelsen af tidspunktet for køb eller salg af aktier. Valørdatoen er ikke afgørende. Bestilling af investeringsforeningsbeviserne kunne ikke sidestilles med et køb. | |
| **SKM2008.803.SR** | Salg af aktier. Betinget aftale om køberet og salgsret. Manglende udnyttelse sandsynlig. Afståelsestidspunkt først på udnyttelsestidspunkt. | Se også **SKM2008.837.SR**. |
| **SKM2008.759.SR** | Salg af aktier. Samtidig udstedt køberet og salgsret. Manglende udnyttelse sandsynlig. Afståelsestidspunkt først på udnyttelsestidspunkt. | |

Dato for offentliggørelse    31 Jan 2020 06:53

# C.F.8 Indgåelse af dobbeltbeskatningsaftaler

skat.dk

| | |
|---|---|
| **Version** | 2012-2 |
| **ISBN-nummer** | 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-496-3 |
| **Tryksted** | Vejledningen er ikke trykt - findes kun på skat.dk |
| **Dokument type** | Juridisk vejledning |

# Indhold

Dette afsnit handler om dobbeltbeskatning, baggrunden for at lave aftaler til undgåelse af dobbeltbeskatning og en gennemgang af OECD's modeloverenskomst, der ligger til grund for mange af de danske DBO'er og aftaler, som Danmark har indgået med andre lande.

Afsnittet indeholder:

- Undgåelse af dobbeltbeskatning og forhindring af skatteunddragelse (**C.F.8.1**)
- OECD's modeloverenskomst (**C.F.8.2**).

| | |
|---|---|
| Dato for offentliggørelse | 16 Jul 2012 07:18 |

skat.dk

# C.F.8.2 OECD´s modeloverenskomst

| | |
|---|---|
| **Version** | 2012-2 |
| **ISBN-nummer** | 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-496-3 |
| **Tryksted** | Vejledningen er ikke trykt - findes kun på skat.dk |
| **Dokument type** | Juridisk vejledning |

# Indhold

Dette afsnit handler om OECD's modeloverenskomst.

Afsnittet indeholder:

- Overordnet om modeloverenskomsten (**C.F.8.2.1**)
- De enkelte artikler i OECD's modeloverenskomst (**C.F.8.2.2**).

| | |
|---|---|
| Dato for offentliggørelse | 16 Jul 2012 07:18 |

# C.F.8.2.2.10 Artikel 10: Udbytte

**skat.dk**

| | |
|---|---|
| **Version** | 2012-2 |
| **ISBN-nummer** | 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-496-3 |
| **Tryksted** | Vejledningen er ikke trykt - findes kun på skat.dk |
| **Dokument type** | Juridisk vejledning |

# Indhold

Dette afsnit handler om artikel 10 i OECD's modeloverenskomst, der vedrører beskatning af udbytte.

Afsnittet indeholder:

- Udbytte i modeloverenskomstens forstand (**C.F.8.2.2.10.1**)
- Udbytteudlodninger omfattet af artikel 10 (**C.F.8.2.2.10.2**)
- Beskatningsretten til udbytte (**C.F.8.2.2.10.3**).

| | |
|---|---|
| Dato for offentliggørelse | 16 Jul 2012 07:18 |



# C.F.8.2.2.1.1 Indholdet af artikel 1

| | |
|---|---|
| **Version** | 2021-1 |
| **ISBN-nummer** | 978-87-417-0939-0 |
| **Tryksted** | Vejledningen er ikke trykt - findes kun på skat.dk |
| **Dokument type** | Juridisk vejledning |

# Indhold

Dette afsnit handler om de personer, der er omfattet af OECD's modeloverenskomst.

Afsnittet indeholder:

- Regel
- Begrebet hjemmehørende
- Misbrug af DBO

# Regel

Artikel 1 fastsætter, hvilke personer der er omfattet af og dermed beskyttet af overenskomsten.

Overenskomsten omfatter alle, der er hjemmehørende i én af staterne eller i begge stater på én gang.

Indkomst som erhverves direkte eller gennem enheder mv., der behandles skattemæssigt som helt eller delvis transparente af en af staterne skal anses for omfattet af artikel 1, forudsat at en af staterne beskatter indkomsten erhvervet af enheden mv. som indkomst erhvervet af en enhed mv. hjemmehørende i denne stat.

Overenskomsten skal ikke have betydning for den enkelte stats beskatning af personer og enheder hjemmehørende i denne stat, bortset fra de fordele der følger af artikel 7, stk. 3, artikel 9, stk. 2 og artikel 19, 20, 23 (A)(B), 24, 25 og 28.

Se artikel 1, stk. 1, 2 og 3.

## Bemærk

Både fysiske og juridiske personer er omfattet. Dertil kommer helt eller delvist transparente enheder jf, nærmere artikel 1.

Det afhænger af de enkelte bestemmelser i overenskomsten, om og i hvilket omfang en hjemmehørende person kan påberåbe sig overenskomstens bestemmelser. Se også kommentarerne til artikel 1 samt artikel 29 og kommentarerne til denne bestemmelse om begrænsninger i de fordele overenskomsten giver mulighed for.

Spørgsmålet om hvilken indkomstmodtager, der skal anses som den retmæssige ejer af en indkomst afgøres dog ikke på forhånd af artikel 1, og overenskomsten forpligter heller ikke i øvrigt den enkelte stat i relation til anvendelsen af national lovgivning. Se også punkt 13 - 15 i kommentaren til artikel 1.

## Eksempel

Bestemmelsen om ikke-diskrimination i artikel 24 forudsætter, at den hjemmehørende person tillige er statsborger i en aftalestat.

## Se også

Se også afsnit **C.F.8.2.2.1.2** om, hvornår overenskomsten kan påberåbes af interessentskaber, kommanditselskaber og lignende personsammenslutninger.

# Begrebet hjemmehørende

En fysisk person er efter artikel 1 hjemmehørende i en stat, hvis personen som følge af særlige tilknytningsmomenter er fuldt skattepligtig til den pågældende stat. For juridiske personer lægges der vægt på ledelsens sæde. I tilfælde af dobbeltdomicil for juridiske personer skal dette løses gennem forhandling mellem staternes kompetente myndigheder.

Se afsnit **C.F.8.2.2.4** om modeloverenskomsten artikel 4.

# Misbrug af DBO

Stater er ikke forpligtet til at indrømme fordele efter en DBO i tilfælde af arrangementer, der indebærer misbrug af DBO'ens bestemmelser. Udgangspunktet er, at der ikke skal indrømmes fordele i henhold til en DBO i tilfælde, hvor et hovedformål med at deltage i visse transaktioner eller arrangementer er at sikre en gunstigere skattemæssig stilling, og under disse omstændigheder opnå en gunstigere skattemæssig behandling i strid med formålet og hensigten med de relevante bestemmelser. Se punkt 57 - 65 i kommentaren til modeloverenskomstens artikel 1.

Se også afsnit **C.F.8.2.2.29** om modeloverenskomsten artikel 29.

## Eksempel

I DBO'en mellem Danmark og USA er der i artikel 22 aftalt regler "Limitations of Benefits" om begrænsninger i de fordele, der kan opnås ifølge DBO'en.

## **LL § 3**, stk. 3.

Se **LL § 3**, stk. 3, der har udmøntet en generel misbrugsklausul, der hviler på OECD's kommentarer. Se afsnit **C.I.4.2**.

## Se også

- **C.F.1.1** om danske regler om fuld skattepligt
- **C.D.1.1** om danske regler om fuld skattepligt for juridiske personer.

| | |
|---|---|
| Dato for offentliggørelse | 29 Jan 2021 07:21 |

# C.F.8.2.2.10.1 Udbytte i modeloverenskomstens forstand



| | |
|---|---|
| **Version** | 2021-1 |
| **ISBN-nummer** | 978-87-417-0939-0 |
| **Tryksted** | Vejledningen er ikke trykt - findes kun på skat.dk |
| **Dokument type** | Juridisk vejledning |

# Indhold

Afsnittet indeholder:

- Udbytte (**C.F.8.2.2.10.1.1**)
- Udlodder af udbytte (**C.F.8.2.2.10.1.2**)
- Modtager af udbytte (**C.F.8.2.2.10.1.3**).

| | |
|---|---|
| Dato for offentliggørelse | 29 Jan 2021 07:21 |

## C.F.8.2.2.10.1.1 Udbytte

# Indhold

Dette afsnit handler om hvilke udbytter, der er omfattet af modeloverenskomstens artikel 10.

Afsnittet indeholder:

- Generelt om udbytte
- Gældsfordringer
- Tynd kapitalisering
- Real Estate Investment Trusts (REITs)
- Maskeret løn
- Oversigt over domme, kendelser, afgørelser, SKM-meddelelser mv.

# Generelt om udbytte

Udbytte er udlodning af overskud fra de juridiske personer, der kan udlodde overskud, til de personer, der ejer andele i den juridiske person. I Danmark er det fx aktieudbytte og udbytte, som et anpartsselskab betaler til anpartshaverne.

I udlandet kan de juridiske personer, ejerandelene i dem og udlodninger til ejerne have andre betegnelser.

## Udbyttets form

Udbytte kan bestå af kontanter men kan også bestå af fx bonusaktier, likvidationsprovenu og maskeret udlodning. Se punkt 28 i kommentaren til modeloverenskomstens artikel 10.

Danmark har taget forbehold om, at man i visse sammenhænge betragter fortjeneste ved salg af aktier som udbytte. Se punkt 79 i kommentaren til modeloverenskomstens artikel 10.

## Typer af udbytte

Modeloverenskomstens artikel 10, stk. 3, beskriver udbytte som:

- Indkomst af
- aktier
- "joussance"-aktier (udbyttebeviser)

170

- "joussance"-rettigheder (udbytterettigheder)
- mineaktier
- stifterandele
- andre rettigheder, som giver andel i fortjeneste
- Indkomst af andre selskabsrettigheder, som beskattes ligesom aktieudbytte i det land, hvor det udloddende selskab er hjemmehørende.

Opregningen i første led af bestemmelsen er ikke udtømmende. Det er lovgivningen i det land, hvor den, der udlodder udbyttet, er hjemmehørende, der afgør, hvilke former for indkomst der falder ind under modeloverenskomstens artikel 10.

## Bemærk

Nogle af de typer af udbyttegivende rettigheder, der er nævnt i modeloverenskomstens artikel 10, stk. 3, er ikke kendt i dansk ret. Det gælder "joussance"-aktier og "joussance"-rettigheder; og mineaktier og stifterandele er ikke reguleret særskilt i dansk ret. Hvis det andet land heller ikke kender disse rettigheder eller skelner imellem dem, kan de være udeladt af DBO'ens artikel 10. Rettighederne er dog stadig omfattet af udbyttebestemmelsen, også hvis de ikke er nævnt.

## Se også

- **C.F.8.2.2.3.1.3** (artikel 3) om begrebet selskab
- **C.F.8.2.2.4.2** (artikel 4) om begrebet "hjemmehørende" anvendt om en juridisk person.

# Gældsfordringer

Modeloverenskomsten undtager udtrykkelig indtægt af gældsfordringer fra definitionen af udbytte. Gældsfordringer er fx obligationer, pantebreve og statsgældsbeviser. Indtægt af gældsfordringer benævnes normalt renter og omfattes af modeloverenskomstens artikel 11. Se modeloverenskomstens artikel 10, stk. 3.

## Se også

Se også afsnit **C.F.8.2.2.11** (artikel 11) om renter.

# Tynd kapitalisering

I koncernforhold kan renteindtægter af et lån også være udbytte i modeloverenskomstens forstand. Det forekommer, hvis nogen har ydet et lån på en sådan måde, at långiveren deltager i risikoen i låntagerens virksomhed. Dette kaldes for tynd kapitalisering. Se Den juridiske vejledning afsnit **C.D.2.4.4.1**.  Se også punkt 25 i kommentaren til modeloverenskomstens artikel 10.

# Real Estate Investment Trusts (REITs)

I nogle lande, fx USA og UK, er det almindeligt, at investeringer i fast ejendom foregår gennem en "Real Estate Investment Trust" (REIT). Når REITs udlodder overskud, er det udgangspunktet, at udlodningen udgør indkomst af fast ejendom. Udlodningen omfattes derfor af modeloverenskomstens artikel 6. Der kan dog argumenteres for, at udlodning til små investorer mere har karakter af udbytte. I punkt 67.1.-67.7. i kommentaren til modeloverenskomstens artikel 10 er der en redegørelse for behandlingen af REITs.

## Se også

Se også afsnit **C.F.8.2.2.6** om indkomst af fast ejendom.

# Maskeret løn

Når en aktionær arbejder for selskabet, kan der opstå tvivl om, hvorvidt en betaling til aktionæren er udbytte eller løn.

## Eksempel

Et cypriotisk aktieselskab udbetalte dividende til piloter, der var aktionærer i selskabet. Piloterne arbejdede også for selskabet. Størrelsen af deres dividende var aftalt på forhånd ud fra deres anciennitet og arbejdsfunktioner. Størrelsen af dividenden afhang derimod ikke af selskabets omsætning eller økonomiske situation. Skatterådet fandt, at betalingerne skattemæssigt skulle anses for løn og ikke for udbytte. Se **SKM2010.140.SR** og **SKM2010.141.SR**.

## Se også

Se også afsnit **C.F.3.1.2** om begrænset skattepligt af lønindtægt og **C.A.3.1** om løn- og honorarindtægter.

# Oversigt over domme, kendelser, afgørelser, SKM-meddelelser mv.

Skemaet viser relevante afgørelser på området:

| Afgørelse | Afgørelsen i stikord | Yderligere kommentarer |
|---|---|---|
| **Skatterådet** | | |
| **SKM2010.140.SR** og **SKM2010.141.SR** | Løn. Et cypriotisk aktieselskab udbetalte **dividende** til piloter, der var **aktionærer** i selskabet. Piloterne arbejdede også for selskabet. Størrelsen af deres dividende var aftalt på forhånd ud fra deres anciennitet og arbejdsfunktioner. Størrelsen af dividenden afhang derimod ikke af selskabets omsætning eller økonomiske situation. Skatterådet fandt, at betalingerne skattemæssigt skulle anses for løn og ikke for udbytte | |
| Dato for offentliggørelse | 29 Jan 2021 07:21 | |

# C.F.8.2.2.10.1.2 Udlodder af udbytte

Det er juridiske personer, der kan udlodde udbytte i modeloverenskomstens forstand.

I Danmark er det aktieselskaber, anpartsselskaber og andelsselskaber. Udenlandske juridiske personer kan have andre betegnelser.

Det centrale er, at den, der udlodder overskud, ejes af én, flere eller et stort antal personer, som hver for sig har ret til en andel i overskuddet, selv om de ikke deltager i den drift, der skaber overskuddet.

Det har ingen betydning, hvad enheden kaldes. Sammenslutninger, der behandles som juridiske personer i det land, hvor de er hjemmehørende, kan altså udlodde udbytte. Disse sammenslutninger indgår i definitionen af begrebet "selskab" i modeloverenskomstens artikel 3, stk. 1, litra b. Se afsnit **C.F.8.2.2.3.1.3** om begrebet selskab og punkt 24 i kommentaren til modeloverenskomstens artikel 10.

Hvis flere personer derimod driver selve virksomheden i fællesskab, som man fx gør i et dansk interessentskab eller kommanditselskab, og deler virksomhedens overskud imellem sig, er denne indtægt fortjeneste ved erhvervsvirksomhed. Beskatningsretten til sådanne indtægter reguleres af artikel 7 i modeloverenskomsten (fortjeneste ved erhvervsvirksomhed). Se dog også punkt 27 i kommentaren til modeloverenskomstens artikel 10 om interessentskaber, der beskattes efter selskabsregler i det land, hvor de er hjemmehørende.

## Bemærk

Danske fonde og lignende kan ikke udlodde udbytte. Det skyldes, at modtagerne af udlodningen fra en fond ikke ejer en andel af fonden og ikke har krav på at få andel i fondens overskud. Se afsnit **C.F.8.2.2.21** (artikel 21) om andre indkomster.

## Se også

- **C.F.8.2.2.3.1.3** (artikel 3) om begrebet selskab

172

- **C.F.8.2.2.4.2** (artikel 4) om begrebet hjemmehørende, når det anvendes om en juridisk person
- **C.F.8.2.2.7** (artikel 7) om fortjeneste ved erhvervsvirksomhed.

| Dato for offentliggørelse | 29 Jan 2021 07:21 |

## C.F.8.2.2.10.1.3 Modtager af udbytte

# Begrebet retmæssig ejer

Det er altid den retmæssige ejer og ikke den, som umiddelbart optræder som modtager, der anses for modtager af udbytte i modeloverenskomstens forstand. Se punkt 11 og 12 i kommentaren til modeloverenskomstens artikel 10.

Begrebet retmæssig ejer er den almindeligt anvendte oversættelse af det engelske udtryk beneficial owner.

## Bemærk

Der kan ikke sættes lighedstegn mellem indholdet af begrebet retmæssig ejer og det danske retsbegreb rette indkomstmodtager. Se fx **SKM2011.57.LSR**.

# Mellemmænd

Modeloverenskomsten nævner eksempler på mellemmænd, der modtager udbytte, men som ikke er retmæssig ejer af det og dermed heller ikke er "modtager" i modeloverenskomstens forstand. Det er fx:

- En agent
- En nominee, dvs. en navngivet repræsentant for den retmæssige ejer
- Et conduit company
- En fiduciary, dvs. person, som formelt ejer et aktiv (her en aktie eller anden ejerandel), men hvor afkastet reelt tilkommer en beneficiary (berettiget).

## Eksempel

Landsskatteretten anså et dansk selskab for at have pligt til at indeholde kildeskat på rentebetalinger til et svensk moderselskab, da dette selskab ikke kunne anses for retmæssig ejer af renterne. Renterne blev betalt videre (som koncernbidrag) til et andet svensk selskab og derfra videre til et selskab på Jersey. Se **SKM2011.57.LSR**. Afgørelsen skal sammenholdes med **SKM2011.59.LSR** vedrørende hæftelsen for kildeskatterne.

# Oversigt over domme, kendelser, afgørelser, SKM-meddelelser mv.

Skemaet viser relevante afgørelser på området:

| Afgørelse | Afgørelsen i stikord | Yderligere kommentarer |
|---|---|---|
| **Landsretsdomme** | | |

2/7/2021                    Udskrift af C.F.8.2.2.10.1 Udbytte i modeloverenskomstens forstand [2021-1]

| **SKM2012.121.ØLR** | Østre Landsret stadfæstede Landsskatterettens kendelse, offentliggjort som **SKM2010.268.LSR**, med den begrundelse, at det udbetalte udbytte ikke blev ført videre af moderselskabet i Luxembourg til de bagvedliggende investorer, men tværtimod blev tilbageført som et lån til det danske selskab A A/S. Moderselskabet i Luxembourg måtte som følge heraf anses for retmæssig ejer af det modtagende udbytte. | Se også Skatteministeriets kommentar til Østre Landsrets dom i SKM2012.100 |
| --- | --- | --- |
| **Landsskatteretskendelser** | | |
| **SKM2012.26.LSR** | Landsskatteretten fandt i sin afgørelse, at moderselskabet på Cypern ikke var **retsmæssig ejer** af udlodningerne i relation til dobbeltbeskatningsoverenskomsten mellem Danmark og Cypern. Til gengæld kunne koncernen støtte ret på moder-/datterselskabsdirektivets artikel 5 om fritagelse for kildeskat. Efter Landsskatterettens opfattelse kunne der ikke i direktivets almindelige bestemmelser, indlæses et misbrugsforbehold. Landsskatteretten fandt herefter, at udbyttet ikke var omfattet af begrænset skattepligt, samt at det danske selskab dermed ikke havde haft pligt til at indeholde kildeskat af de pågældende udbytter. | Skatteministeriet har indbragt afgørelsen for domstolene |
| **SKM2011.57.LSR** | Landsskatteretten anså et dansk selskab for at have pligt til at indeholde kildeskat på rentebetalinger til et svensk moderselskab, da dette selskab ikke kunne anses for **retmæssig ejer** af renterne. Renterne blev betalt videre (som koncernbidrag) til et andet svensk selskab og derfra videre til et selskab på Jersey. | Afgørelsen skal sammenholdes med SKM 2011.59LSR vedrørende hæftelsen for kildeskatterne. |
| **Skatterådet** | | |

| | |
|---|---|
| **SKM2012.320.SR** | Skatterådet afgjorde, at et selskab C AB var **retmæssig ejer** af en likvidationsudlodning. Der blev lagt vægt på, at hverken den modtagne aktiepost eller det modtagne likvidationsprovenu skulle videreudloddes og at fordringen, som A A/S opnår mod C AB, vil bortfalde ved konfusion, når fordringen udloddes som likvidationsprovenu, og at provenuet, herunder aktierne mv., ikke videreudloddes til overliggende koncernselskaber. |
| **SKM2012.246.SR** | Skatterådet bekræfter, at en påtænkt omstrukturering medfører, at selskabet K anses for at have foretaget en udbytteudlodning til F A/S og videre til sit danske moderselskab E ApS og derefter gennem sit cypriotiske moderselskab D og op til C. Skatterådet bekræfter i afgørelsen, at C er **retsmæssig ejer (**beneficial owner) af udbyttebeløbet, samt at E ApS ikke er forpligtet til at indeholde udbytteskat i forbindelse med den påtænkte omstrukturering |
| **SKM2011.441.SR** | Skatterådet fandt på baggrund af en konkret vurdering, at modtageren af en udbytteudlodning ikke var **retmæssig ejer**, idet udlodningen blev videreudloddet til de bagvedliggende ejere, der på forhånd fandtes at have disponeret over udlodningen. Det blev oplyst, udlodningen ville blive overført til de ultimative investorer, men spørger var ikke bekendt med, på hvilken måde overførslerne ville finde sted eller hvordan de ville blive behandlet skattemæssigt. |

| **SKM2011.142.SR** | Skatterådet fandt på baggrund af en konkret vurdering, at modtageren i Nederlandene af en udbytteudlodning var den **retmæssige ejer**. Skatterådet tillagde det betydning, at udbytteudlodningen, der bestod af en fordring, ophørte ved konfusion, og at det oprindelige lånebeløb var blevet anvendt til at opkøbe aktier i et andet selskab. | |

| Dato for offentliggørelse | 29 Jan 2021 07:21 |