UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re

CUSTOMS AND TAX ADMINISTRATION
OF THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to case nos.:
18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713; 21-cv-05339.

MASTER DOCKET

18-md-2865 (LAK)

---

**PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' ASSERTION OF AN ADVICE OF COUNSEL DEFENSE**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
Gregory C. Farrell
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

LEGAL STANDARD....................................................................................................................2

ARGUMENT..................................................................................................................................2

    I.      The Court should preclude Defendants from asserting a formal advice of counsel defense concerning their representations of ownership of shares and dividends ............................................................................2

    II.     The Court should preclude Defendants from suggesting or arguing that Kaye Scholer or another firm "blessed" the plans' beneficial ownership representations.................................................................................5

CONCLUSION...............................................................................................................................7

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Highland Cap. Mgmt., L.P. v. Schneider*,
   551 F. Supp. 2d 173 (S.D.N.Y. 2008) ............................................................................................2

*Int'l Bhd. of Elec. Workers, Loc. 90 v. Nat'l Elec. Contractors Ass'n*,
   No. 3:06cv2 (SRU), 2008 WL 918481 (D. Conn. Mar. 31, 2008) ...........................................6

*Markowski v. Sec. & Exch. Comm'n*,
   34 F.3d 99 (2d Cir. 1994) .........................................................................................................3

*Palmieri v. Defaria*,
   88 F.3d 136 (2d Cir. 1996) .......................................................................................................2

*Sec. & Exch. Comm'n v. Lek Sec. Corp.*,
   No. 17CV1789 (DLC), 2019 WL 5703944 (S.D.N.Y. Nov. 5, 2019) ......................................3

*Sec. & Exch. Comm'n v. Torre*,
   950 F. Supp. 2d 666 (S.D.N.Y. 2013) ......................................................................................6

*Stoncor Grp., Inc. v. Peerless Ins. Co.*,
   573 F. Supp. 3d 913 (S.D.N.Y. 2021) ......................................................................................2

*United States v. Bankman-Fried*,
   No. 22-CR-0673 (LAK), 2023 WL 6392718 (S.D.N.Y. Oct. 1, 2023) .................................3, 4

*United States v. Scully*,
   877 F.3d 464 (2d Cir. 2017) ..................................................................................................2, 3

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this memorandum of law in support of its motion *in limine* to preclude the advice of counsel defense of defendants Richard and Jocelyn Markowitz, John and Elizabeth van Merkensteijn, Robert Klugman and any of their pension plans or other entities ("Defendants") with respect to their misrepresentations of share ownership and dividend receipt in the tax refund claims.

## PRELIMINARY STATEMENT

Defendants could not have relied on the advice of counsel in representing to SKAT that the plans owned Danish shares on which they had received dividends, net of withholding tax, for the simple reason that they never received any such advice. No attorney ever advised Defendants that their purported trading in Danish shares entitled them to refunds of dividend withholding tax from Denmark or resulted in them owning shares or receiving dividends. Defendants should not be permitted to argue or suggest otherwise at trial.

As a matter of law, Defendants could not have relied in good faith on a "Danish tax opinion" that the Danish law firm Hannes Snellman provided to someone else, *i.e.*, Sanjay Shah's Solo Capital. Defendants had no idea whether Solo Capital made a full disclosure of the relevant facts to Hannes Snellman and they were not privy to any of the privileged communications between Solo and its attorneys. And, in any event, it is apparent from the opinion that Solo withheld key facts from Hannes Snellman, including that no party to the purported trading, including the plans, would ever hold shares or receive dividends, that the purported trading would be entirely circular and offsetting, and the pension plan would pay the majority of any supposed "refunds" to Shah.

Nor did Defendants produce during discovery a single document evidencing any advice that defendant Ben-Jacob or any other Kaye Scholer attorney provided on such matters. At his deposition, Ben-Jacob testified that Kaye Scholer had determined they were not qualified to

advise on Danish law issues and claimed that he looked to his clients for Danish law advice before signing documents misrepresenting that the plans were beneficial owners of Danish shares and dividends.

And since Defendants never sought or received any relevant Danish law advice, the Court should likewise preclude them from arguing or suggesting to the jury that they took comfort from Kaye Scholer's (or any other firm's) involvement or relied on their lawyers to spot any Danish law issues.[1]

## LEGAL STANDARD

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008). Motions *in limine* "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Stoncor Grp., Inc. v. Peerless Ins. Co.*, 573 F. Supp. 3d 913, 917 (S.D.N.Y. 2021) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

## ARGUMENT

**I.     The Court should preclude Defendants from asserting a formal advice of counsel defense concerning their representations of ownership of shares and dividends.**

The Court should preclude Defendants from arguing at trial that they relied on the advice of counsel in representing to SKAT that the pension plans were beneficial owners of Danish shares and dividends because they never received any such advice on which they could have

---

1. Defendants also intend to argue that they relied on Kaye Scholer's advice in representing in the tax refund claims that the plans were qualified under the Internal Revenue Code. SKAT reserves the right to argue that the Court should not instruct the jury on such a defense to the extent Defendants fail to establish its elements at trial. *See United States v. Scully*, 877 F.3d 464, 476 (2d Cir. 2017) ("defendants are entitled to an advice-of-counsel instruction only if there are sufficient facts in the record to support the defense").

relied. To establish the so-called "formal advice-of-counsel defense," Defendants must have (1) "made a complete disclosure to counsel concerning the matter at issue;" (2) "sought advice as to the legality of [the] conduct;" (3) "received advice that [the] conduct was legal;" and (4) "relied on that advice in good faith." *United States v. Bankman-Fried*, No. 22-CR-0673 (LAK), 2023 WL 6392718, at *1 (S.D.N.Y. Oct. 1, 2023) (quoting *Markowski v. Sec. & Exch. Comm'n*, 34 F.3d 99, 105 (2d Cir. 1994)).[2]

Defendants cannot argue that they relied on the "Danish tax opinion" Solo Capital obtained from the Danish law firm Hannes Snellman because "legal advice given to another does not establish good faith as a matter of law." *Sec. & Exch. Comm'n v. Lek Sec. Corp.*, No. 17CV1789 (DLC), 2019 WL 5703944, at *4 (S.D.N.Y. Nov. 5, 2019). The Hannes Snellman opinion was addressed to "Solo Capital (Dubai) Limited" at Sanjay Shah's office in Dubai, "prepared at the request of Solo Capital Partners LLP," and specifically provides that it was "rendered solely for [Solo's] benefit and may only be relied upon by [Solo] in the very matter and context specified" therein. (Declaration of Marc A. Weinstein, dated Aug. 15, 2024 ("Weinstein Decl."), Ex. 1 at 1, 6.)

"Without knowing what information" Solo Capital "shared with" its attorneys at Hannes Snellman "and what those attorneys said to their clients in the context of privileged communications," Defendants "cannot assert that they relied in good faith on the" Hannes Snellman opinion. *Lek Sec. Corp.*, 2019 WL 5703944 at *4. Further, no disclosure has been made in these cases concerning the information Solo Capital provided Hannes Snellman. Thus,

---

2. As the Court explained in *Bankman-Fried*, "the characterization of such evidence as a 'defense' frequently is not accurate in one sense of the term." *Id*. Rather than an "affirmative defense" that "will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true," "evidence concerning the presence, involvement and even advice of lawyers in relevant events is viewed best as evidence probative of the defendant's intent to defraud or lack thereof." *Id*. (internal quotation omitted).

3

there is no basis on which the Court or the jury could determine whether Solo Capital "made a complete disclosure" to Hannes Snellman "concerning the matter at issue." *Bankman-Fried*, 2023 WL 6392718 at *1.

And based on the opinion itself, it is a dubious proposition at best that Solo made a "complete disclosure." For instance, nowhere in the opinion is it reflected that the trading would comprise circular supposed "net settlements," *i.e.*, that the pension plans would purchase shares from an executing broker, which, in turn, would purchase the shares from a short seller, which would borrow the shares from a stock lender, which would borrow the shares from the pension plan that was supposedly purchasing the shares in the first place. Rather, the opinion describes the "contemplated transactions" as a pension plan buying shares before the "ex-dividend date" and selling them "after the ex-dividend date," with both trades due to settle on the same date. (Weinstein Decl. Ex. 1 at 1-2.) But that is not even what Defendants purported to do.

Nor does the opinion reflect that Solo Capital disclosed to Hannes Snellman that there would be no shares or dividends in the trades. The opinion assumes the opposite, *i.e.*, that the pension plan "will obtain unconditional ownership to the Equities and will have full ownership rights over the Equities on [the] Dividend Approval Date including the right to receive the dividend declared on that date;" "[t]he Equities will be held by [the pension plan] through a custodian;" and "[t]he custodian's records will show that [the pension plan] is the legal and the beneficial owner of the Equities on [the] Dividend Approval Date and that the Danish Dividend represents a real dividend on the Equities which is passed on to [the pension plan] by the custodian." (Weinstein Decl. Ex. 1 at 2.) But as Sanjay Shah essentially has admitted, none of these assumptions was true: the pension plans did not obtain "full ownership" of any Danish shares, no shares were ever "held by" Solo Capital or any other custodian on the plans' behalf,

4

and no "real dividends" were passed on to the pension plans by Solo Capital. (*See* Weinstein Decl. Ex. 2 at 132:8-137:3.)[3]

Nor can Defendants argue that they relied on the advice of defendant Ben-Jacob or any of his former Kaye Scholer colleagues in representing to SKAT that the plans were beneficial owners of Danish shares and dividends on which they had suffered withholding tax. Kaye Scholer provided no such advice to Defendants. While Defendants sought Kaye Scholer's advice on beneficial ownership issues, as defendant Ben-Jacob testified, "[t]he general conclusion" Kaye Scholer "reached was that . . . [they] are not Danish lawyers and can't advise on Danish law matters." (Weinstein Decl. Ex. 3 (Ben-Jacob Dep. Tr.) 154:14-155:20.) And nothing in the record contradicts Ben-Jacob's testimony in this respect. Indeed, Ben-Jacob claims that he relied on his clients for supposed Danish law advice before signing forms representing that the plans were beneficial owners of Danish shares and dividends.[4]

## II.   The Court should preclude Defendants from suggesting or arguing that Kaye Scholer or another firm "blessed" the plans' beneficial ownership representations.

Since neither Kaye Scholer nor any other law firm gave Defendants any Danish law advice on their misrepresentations of share ownership and dividend receipt, any evidence or argument of Kaye Scholer's or another firm's involvement is irrelevant to Defendants' scienter with respect to those misrepresentations and would be unfairly prejudicial to SKAT. The Court

---

3. Further, Hannes Snellman's opinion that the pension plan "should be entitled to claim a full refund of the Danish dividend withholding imposed on the Equities pursuant to the Denmark – US Tax Treaty" was premised, in part, on the plan not being "legally obligated to pay any portion of the Danish Dividend to any person." (Weinstein Decl. Ex. 1 at 3, 5.) But setting aside for a moment that there were no "Danish Dividends" in the first place, as Defendants were well aware, the plans were required to pay most of the supposed "refunds" they received to Shah's offshore entity Ganymede Cayman Ltd. and even for the amount they were allowed to keep, many of the plans were required to pay almost all of it to entities controlled by Defendants under their partnership agreements.

4. *See id.* 167:3-14 (testifying that Markowitz and van Merkensteijn's former partner Jerome Lhote "had taken advice from Danish counsel and reported back to [Ben-Jacob] that it was appropriate to treat the pensions as the beneficial owner for Danish law purposes").

5

should thus preclude Defendants from offering testimony or argument that would confuse the jury into believing that Kaye Scholer or another firm "must have implicitly or explicitly 'blessed'" their tax refund claims. *Sec. & Exch. Comm'n v. Torre*, 950 F. Supp. 2d 666, 684 (S.D.N.Y. 2013).

For instance, van Merkensteijn testified at his deposition, "We gave [Kaye Scholer] everything we did. We gave them all the information about everything as we went along. And if they had seen any red flags, which occasionally on some issues or another they did, we would discuss it, figure out how to resolve it, or if we saw a red flag, they would help us resolve it." (Weinstein Decl. Ex. 4 (van Merkensteijn Dep. Tr.) 372:22-373:11.) And, similarly, Klugman testified, "to use an overused expression, 'from womb to tomb,' [Kaye Scholer] helped us in setting up the entities, they helped in getting us to be approved client of the entities. They knew what trades were going on. They helped us with tax issues, securities law issues, reporting issues . . . just in line with how I've worked with other law firms my whole career." (Weinstein Decl. Ex. 5 (Klugman Dep. Tr.) 302:9-303:1.)

The Court should preclude Defendants from arguing to the jury based on any such similar trial testimony that, for instance, they relied on Kaye Scholer (or any other firm) to identify Danish law issues or that they took comfort from Kaye Scholer's silence. Defendants never sought or received any Danish law advice on their plans' entitlement to the "tax refunds" they claimed. "[T]he absence of legal advice . . . does not constitute affirmative advice" and Defendants "cannot rely on silence as if it were legal advice." *Int'l Bhd. of Elec. Workers, Loc. 90 v. Nat'l Elec. Contractors Ass'n*, No. 3:06cv2 (SRU), 2008 WL 918481, at *13 (D. Conn. Mar. 31, 2008). The Court should not permit Defendants to reap "all of the essential benefits of an advice of counsel defense without having to bear the burden of proving . . . the elements of

the defense." *Torre*, 950 F. Supp. 2d at 684.

## **CONCLUSION**

For the reasons set forth above, SKAT respectfully requests that the Court grant its motion to preclude Defendants from asserting a formal advice of counsel defense with respect to their representations of ownership of Danish shares and dividends and from adducing evidence or arguing that counsel's involvement "blessed" their tax refund claims.

| | |
|---|---|
| Dated: New York, New York<br>August 15, 2024 | HUGHES HUBBARD & REED LLP<br><br>By: /s/ Marc A. Weinstein<br>William R. Maguire<br>Marc A. Weinstein<br>Neil J. Oxford<br>Dustin P. Smith<br>Gregory C. Farrell<br>One Battery Park Plaza<br>New York, New York 10004-1482<br>Telephone: (212) 837-6000<br>Fax: (212) 422-4726<br>bill.maguire@hugheshubbard.com<br>marc.weinstein@hugheshubbard.com<br>neil.oxford@hugheshubbard.com<br>dustin.smith@hugheshubbard.com<br>gregory.farrell@hugheshubbard.com<br><br>*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)* |

7